## RODMAN and others *against* FORMAN, Administrator of FORMAN.

In an action of debt on recognisance of bail, the declaration laid the *venue* in *Greene* county, and stated that *S. F.* came into the supreme court, and "by the name of *S. F.* of *K.* in said county, farmer," became bail, &c. and the *bail-piece* offered in evidence was written " *Delaware,* ss. *J. H.* is delivered to bail to *S. F.* of the town of *K.* in said county, farmer," &c. and was taken before a judge of *Delaware* county common pleas; and the *recognisance roll* stated that " *S. F.* of the town of *K.* and county of *D.* farmer," came into court and became bail, &c. It was held, that there was no material *variance* between the declaration and the bail-piece and recognisance roll, the description in the declaration being set out according to the sense, and not according to the tenor.

THIS was an action of *debt* on a recognisance of bail, brought against the defendant, as administrator of *Stephen Forman,* deceased. The cause was tried at the *Greene* circuit, the 6th *December,* 1809, before Mr. Justice *Van Ness.*

The *venue* was laid in *Greene* county, and the declaration stated that the intestate, in his life-time, came into the supreme court, &c. at *New-York,* &c. " by the

name of *Stephen Forman*, of *Kortright*, in said county, farmer, and became bail," &c.

At the trial, the plaintiff offered in evidence the original bail-piece and record of the recognisance. The bail-piece was written, " *Delaware*, ss. *James Haman* is delivered to bail, &c. to *Stephen Forman*, of the town of *Kortright*, in said county, farmer ;" and the acknowledgment was taken before a judge of the court of common pleas of *Delaware* county.

The recognisance record, after setting forth the declaration in the original suit, in which the *venue* was laid in *Albany*, states that " *Stephen Forman*, of the town of *Kortright*, and county of *Delaware*, farmer," &c. came into court and became bail, &c.

The admission of this evidence was objected to on the ground of a variance ; 1. Because the addition and title by which *Stephen Forman* became bail, as set forth in the declaration, differed from that stated in the recognisance record ; 2. Because the declaration stated that the recognisance was taken in this court, and the record produced states it to have been taken before a judge of the *Delaware* court of common pleas. Both the objections were overruled by the judge, and the evidence admitted. The jury found a verdict for the plaintiffs.

A motion was made to set aside the verdict for the misdirection of the judge.

*Foot*, for the defendant.

*Powers* and *E. Williams*, contra.

They cited 1 *Chitty on Pleadings*, 306. 1 *Term Rep.* 235. 285. 5 *Term Rep.* 496. 2 *East*, 452. 502. 5 *Johns. Rep.* 89.

*Per Curiam.* There is no material variance between the declaration and the exemplification of the bail-piece.

and recognisance of bail offered in evidence. The declaration states that the intestate came into the supreme court, by the name of *S. Forman, of Kortright, in said county, farmer*, and became special bail, &c. The bail-piece produced states that the intestate became bail by the name and description of *S. Forman, of the town of Kortright, in said county, farmer*; and the record of the recognisance of bail states that the intestate *S. Forman, of the town of Kortright, and county of Delaware, farmer*, became bail, &c. The description in the bail-piece corresponds with that in the declaration, except that in the latter the words " *the town of* " are omitted. The sense is not varied, and the description was not set out according to the *tenor*, or *in hæc verba*. In *Cumming* v. *Sibly*, cited by *Buller*, J. in 1 *Term Rep.* 239. the declaration stated the precept to be directed to the *mayor only*, and it was proved to be directed to the *mayor and burgesses*; and the court of C. B. held it sufficient, as the substance was preserved. The bail-piece was the warrant for the recognisance roll, and being attached to it, it formed part of the record, and was evidence of the averment in the pleading.

The second objection is without any weight, for in judgment of law, and according to the form of the record, the intestate came into court and entered bail; and if the evidence be wholly confined to the roll itself, the declaration is supported, for the roll does not pretend to state the precise addition under which the intestate appeared. It designates the place of the intestate, but does not recite that under that exact description he appeared. The record does not contradict the description in the declaration, and that description might be rejected as surplusage. (2 *East*, 452.)

The motion on the part of the defendant is, therefore, denied.

                             Motion denied.