ALBANY,
Jan. 1813.

SHEPHERD
v.
MITCHILL.

In an action by a pilot against the owner of a ship, to recover pilotage, under the act (sess. 28, c. 28.) it was held, that the situation of the ship, at the time the pilot takes charge of her, is a matter of fact, and may be proved by parol; and that the pilot, on sufficient proof, is entitled to his pilotage, though he did not cause an entry to be made in the log-book, of the bearing and distance of the light-house, at the time he took charge of the vessel, according to the rules of the master and wardens of the port of New-York, for the regulation of pilots, though he may be subject to a fine for not making such entry. And the fact that the pilot left the vessel, without permission of the captain, as required by the rules of the master and wardens, will not deprive

SHEPHERD *against* MITCHILL.

IN ERROR, on *certiorari*, from a justice's court. *Mitchill* sued *Shepherd*, before the justice, and declared that he was indebted to him, 13 dollars and 75 cents, for *piloting* the ship *Columbus*, drawing 11 feet water, from sea, up to the city of *New-York*, on the 7th *January*, 1810, and also for 4 dollars, in addition, on account of the piloting being between the 1st *December* and the 1st *April*, under the act of the 4th *April*, 1805, relative to the master and wardens of the port of *New-York*. The defendant pleaded *non assumpsit*; and that if the plaintiff was entitled to any thing, yet as he did not take charge of the ship, until she was to westward of the outer middle ground, according to the rules of the master and wardens of the port of *New-York*, made the 6th *June*, 1805, he was entitled to only *half pilotage*.

At the trial, the plaintiff offered parol evidence to show the situation or place of the ship, at the time he took charge of her. This evidence was objected to, as being contrary to the 10th rule of the master and wardens, for the regulations of pilots. The justice overruled the objection and admitted the evidence. It was proved that when the plaintiff was put on board, the fog was so thick that the light-house could not be seen, and that the ship was then to the southeast of the outer middle ground. The plaintiff, after being on board of the ship 4 or 5 hours, requested the witness, who said he was a deputy pilot, to take charge of the ship and pilot her in, as the plaintiff was taken suddenly ill, and went on board of the pilot boat; the witness was not, at the time he took charge of the ship, a *deputy pilot*, though he had been verbally authorized by the master and wardens to act as one, in the place of a pilot, who was sick. The witness brought the ship up to the harbour, and, about midnight, in attempting to go into the slip, ran foul of a vessel lying at anchor at the mouth of the slip, which was owing to his orders to let go the anchor not being obeyed, the master of the ship and some of the crew being below. The damage sustained by this accident was about 15 dollars.

him of his right of action against the owner, for *pilotage*, provided he left a competent substitute on board, by reason of his being unable to perform his duty himself. But such *substitute* must be a regular *branch* or *deputy* pilot, otherwise, he is not entitled to the *fees*, under the act; though, perhaps, the substitute, or his principal, might have an action against the shipowner, on a *quantum meruit*, for the service performed.

Several witnesses testified that when the plaintiff came on board the ship, he did not request an entry to be made in the log-book, of the bearing and distance of the light-house, which was plainly visible; the buoy on the outer middle ground bearing S. W. by S.

The justice gave judgment for the plaintiff, for 17 dollars and 75 cents.

*Per Curiam.* The act (sess. 28. c. 81.) gives the rate of pilotage for piloting a vessel from the *eastward or southward* of the *outer* middle ground to the port of *New-York*, and the rate of pilotage for piloting her from the *westward* of that ground to the port of *New-York*. The situation of the vessel when the pilot is received on board, is always a matter of fact and of proof, and the weight of evidence in this case, was decidedly in favour of the conclusion drawn by the justice that the vessel was to the S. or E. of the outer middle ground. This testimony was, however, objected to, because the pilot had not immediately ascertained the bearing and distance of the light-house, and caused an entry thereof to be made in the log-book, according to the 10th rule of the regulations of the master and wardens of *New-York*. The act authorizes them to make rules, and to punish the infraction of them by fines or suspension from office, but the non-observance of this 10th rule cannot take away from the pilot his right, as against the shipowner, of proving the fact. It may subject him to a fine, and if the situation of the ship when he takes charge of her be uncertain, every presumption ought, undoubtedly, to be turned against him, for not observing the rule, unless he can well account, as he attempted to do in this case, for the non-observance. But when the proof is clear and satisfactory, it must prevail, even admitting the excuse not to be well founded.

The fact that the pilot left the vessel without a written permission from the master, as required by the 6th rule of the regulations of the master and wardens, does not destroy his right of action, provided he left a competent substitute on board, and was unable to perform the duty himself. But the person who was left as a substitute in this case, was not a branch or deputy pilot; nor did it appear that he had, at the time, obtained the certificate requisite to his appointment as such, though he had at the time been verbally authorized by the master and wardens of the port to act as

deputy during a certain vacancy. The public have a security from branch and deputy pilots, which they do not have from other persons, as they are bound in a recognisance; and the statute gives the specified fees only to the branch or deputy pilots. The plaintiff below did not pilot the ship into port by himself, or a competent substitute under the act. He had no right, therefore, to sue for the fees given by the act to the regular pilot. The substitutemig ht, perhaps, in this case, have been entitled to his action upon a *quantum meruit*; and, perhaps, the plaintiff below, as his principal, might have sustained the suit upon that ground. But the judgment was rendered by virtue of the statute, for the fees therein prescribed, as being legally due; and the worth of the service by an unauthorized pilot was not taken into consideration.

On this point the judgment was erroneous, and must be reversed.

<div align="right">Judgment reversed.</div>