*New-London,*
July, 1840.

BAXTER *against* GAY and wife:

Baxter
*v.*
Gay & Wife.

## IN ERROR.

After the death of *A*, in *August*, 1833, *B*, *C* and *D*, his heirs, verbally agreed to make a division of his real estate into three parts, and that they should each have one part. The division was made and the parts allotted accordingly; but the part allotted to *B* was of less value than that allotted to *C*; and it was, therefore, a part of the same agreement, that *C* should pay to *B* 50 dollars. Deeds were immediately executed, by all the parties, in pursuance of the agreement; but *B* was then a feme covert, and her husband did not join in her deed to *C*, which was consequently void. Nothing further was done until *May*, 1827, when a valid deed was executed by *B* and her husband to *C*. In *assumpsit*, brought in *May*, 1838, by *B* against *C*, for the 50 dollars so agreed to be paid, *B* offered parol evidence to prove the agreement and division; and it was held, 1. that the right of action against *C* did not accrue until the delivery of the valid deed of *B* and her husband in 1837, and the action being brought within three years from that time, it was not within the 5th section of our statute of limitations; 2. that the agreement, having been executed by the parties, so that they could not replace themselves in *statu quo*, was taken out of the statute of frauds; 3. that the division made by these heirs was not such a division as is contemplated by the 29th section of the statute regarding the settlement of estates, nor subject to the provisions of that statute; that consequently, the evidence offered was admissible.

THIS was an action of *assumpsit*, brought by *Bartholomew C. Baxter* against *Jeremiah R. Gay* and *Harriet*, his wife, for the recovery of the sum of 50 dollars, for land conveyed by the plaintiff and his wife to *Harriet Gay*, one of the defendants, upon an agreement made by the parties while she was unmarried. The action was commenced *May* 30th, 1838.

The declaration contained several counts. The facts alleged were substantially these. *Nathaniel Bradford*, Esq. died in *May*, 1833, leaving real estate, and *Nathaniel B. Bradford*, *Joshua Bradford*, *Ursula Bradford*, *Harriet Bradford*, now the wife of said *Gay*, and *Sarah Baxter*, then and still the wife of the plaintiff, his heirs at law. In *August*, 1833, before the intermarriage of the defendants, the heirs verbally agreed to make a division of the real estate into three parts, one of which should be allotted to *Joshua Bradford*, one to *Nathaniel B. Bradford* and *Sarah Baxter*, and another to *Ursula* and *Harriet Bradford*. These three parts were accordingly marked out, and distinguished by metes and bounds; but in making this allotment, the part set to *Sarah*,

*New-London,*
*July, 1840.*
──────
Baxter
*v.*
Gay & Wife.

was of less value than her just proportion.   It was, therefore, a part of the agreement, that *Harriet* should pay to *Sarah* 50 dollars, in consideration of this inequality.   Deeds were then executed, by all the parties, in pursuance of the agreement ; but *Sarah's* husband did not join in the deed given by her of the part in which *Harriet* was to be a proprietor. This deed was, consequently, void.   The matter remained in this condition until after the marriage of *Harriet ;* when, on or about the 27th of *May,* 1837, the plaintiff and his wife joined in a deed to her, in pursuance of the arrangement.

On the trial before the county court, *February* term, 1839, on the general issue, the plaintiff offered evidence to prove the facts alleged in his declaration.   The defendants objected to the plaintiff's proving the distribution of the estate, or an agreement to distribute it, or a promise to pay said sum, by parol evidence, on three grounds ; the statute of limitations, the statute of frauds and perjuries, and the statute for the settlement of estates.   The court rejected the parol evidence offered ; and thereupon the jury returned a verdict for the defendants.   The plaintiff, having filed a bill of exceptions, brought a writ of error in the superior court ; which was reserved for the consideration and advice of this court.

*Brainard,* for the plaintiff, contended, 1. That the evidence offered was admissible, notwithstanding the 5th section of the statute of limitations.   First, because a party can take advantage of that statute only by pleading it.   2 *Saund. Plead. & Ev.* 172.   *Robbins* v. *Harvey,* 5 *Conn. Rep.* 335. 343, 4. *Duppa* v. *Mayo,* 1 *Wms. Saund.* 283. n. 2.   1 *Sw. Dig.* 304. 1 *Chitt. Plead.* 473. 477. & notes.   *Chitt. Contr.* 655.   Secondly, the statute, whether pleaded or given in evidence, is not applicable to this case ; for here the right of action accrued within three years from the commencement of the suit.

2. That the evidence in question was not excluded, by the statute of frauds and perjuries.   First, because the foundation of this action is a promise to pay a sum of money, and not a contract for the sale of lands, &c., or any interest therein. The latter contract was consummated, by the delivery of the deeds.   *Bunnel* v. *Taintor,* 4 *Conn. Rep.* 568. 573.   *Shephard* v. *Little,* 14 *Johns. Rep.* 210.   *Bowen* v. *Bell,* 20 *Johns. Rep.* 338.   *Pomeroy* v. *Winship,* 12 *Mass. Rep.* 514. 523.

*Wilkinson* v. *Scott*, 17 *Mass. Rep.* 249. 258. Secondly, if this was originally within the statute, it was taken out, by part performance. On this point the authorities are decisive.

New-London,
July, 1840.

Baxter
*v.*
Gay & Wife.

3. That the case was not within the 29th section of the statute providing for the settlement of estates. The arrangement made between these persons, was not made by them as part of a course of settlement of the estate; nor was it a matter at all cognizable by the court of probate.

*Hill* and *Child*, for the defendants, contended, 1. That the evidence in question was excluded by the 5th section of the statute of limitations. In the first place, it was not necessary for the defendants to plead this statute, in order to avail themselves of it. The section in question is not properly a statute of limitations, but a part of the original statute of frauds and perjuries, enacted in 1771. It was not transferred from that statute to its present place, until the revision in 1821. During this interval, it had received a judicial construction; and the constant practice, with the sanction of the court, was, to interpose the statute to repel evidence offered under the general issue. *Story* v. *Barrell* & al. 2. *Conn. Rep.* 665. 667. *Bunnel* v. *Taintor*, 4 *Conn. Rep.* 568. 573. Secondly, the statute is applicable to this case; as the contract was made in 1833, more than three years before the commencement of the action. *Gaylord* & al. v. *Couch*, 5 *Day*, 223.

2. That this contract is within the 1st section of our statute of frauds and perjuries, being a contract for the sale of an interest in lands; and consequently, could not be proved by parol evidence.

3. That the division of the estate offered to be proved, was nugatory, not being made in writing under the hands and seals of all the persons interested, according to the requirements of the statute for the settlement of estates. *Stat.* 206. *tit.* 32. *c.* 1. *s.* 29.

SHERMAN, J. 1. The part of the statute of limitations on which the defendants relied, is the 5th section, which limits actions on express contracts, not in writing, to three years from the time the "right of action shall accrue." Had the contract which is stated in the declaration been in writing, the right of action would not have accrued until the deed was

given by the plaintiff and his wife to the defendant *Harriet*. She was not bound to pay for the land until she received a title. This was in 1837, and about one year before the commencement of the suit. This statute, therefore, furnished no protection to the defendants.

2. As to the statute of frauds. Every part of the contract is alleged to have been perfected between these several heirs, by deeds duly executed, except the conveyance from Mrs. *Baxter* to *Harriet*. Her title, in all other respects, and that of the other joint heirs, had been confirmed, according to the agreement. The several parties could not replace themselves in *statu quo*. With the exception specified, each had parted with a joint right in the lands allotted to the others. The provision in the statute of frauds, on which the defendants rely, requiring agreements for the sale of lands to be in writing, could not have been interposed, if *Harriet* had sought relief in a court of equity, prior to her marriage. The arrangement had then become obligatory. The right to enforce it was vested. It is not necessary to refer to any of the numerous cases, which go to prove, that such a part fulfilment takes the case out of the statute, and that a court of equity will decree a specific execution of what remains to be performed, in the same manner as if the contract had been in writing. The plaintiff and his wife were under the same obligation to execute the contract specifically, as they would have been, had it been in writing and signed by all the heirs, notwithstanding the provisions of this statute. The fulfilment on the part of the plaintiff and his wife, in pursuance of the contract made by her, while she was sole, which they were bound to perform, entitled them to the sum stipulated, unless some other objection were interposed. The parol evidence offered was not precluded by this statute.

3. The last ground taken to the admission of this testimony, is, the statute regarding the settlement of estates. The 29th section authorizes the heirs of an intestate "to agree on a division, and present the same in writing, under their hands and seals, to the court of probate;" and provides, that such division shall be accepted and received for a settlement of the estate, on being acknowledged before the court of probate, or a justice of the peace, and recorded in the said court. This, however, is authorized merely as a substitute for the division

by distributors, as required by the act, on a settlement made by the order of the court of probate.   It extends to all the estate, both real and personal.   It is often less expensive, and more satisfactory to the parties, than a distribution which is coercive.   But it was not intended to deprive coparceners or tenants in common of any of the powers, which they have at common law, to divide or alienate their estates.   The division made by the heirs, under the agreement now in question, was one with which the court of probate had no concern, and is of a different character from that contemplated by the statute.

*Windham,*
July, 1840.

For these reasons, we consider the objections to the admission of the evidence offered, which are stated in the bill of exceptions, as insufficient; and advise, that the judgment of the county court be reversed.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Judgment to be reversed.