WETHERWAX *vs.* PAINE *et al.*

An affidavit by an agent or attorney, made to procure a garnishee summons, need not state affirmatively the character of the affiant. The use of the words *agent* or *attorney*, by way of recital or description, is sufficient.

Where two indorse a note at its making and before delivery to the payee, to enable the drawer to purchase with it certain property of the payee, they are to be considered joint original promisors with the drawer. Accordingly, where, at the instance of a creditor of the payee of such note, a garnishee summons was issued, and judgment rendered against the drawer alone, the judgment was held void, as being against one of three joint promisors, and no bar to a subsequent suit on the note against the three.

In a garnishee suit, the jurisdiction of the justice does not depend on the amount due from the garnishee to the principal debtor, but upon the sum claimed to be due from the latter to the plaintiff.

Case reserved from Calhoun Circuit.

This was a suit against A. H. Paine, M. H. Crane, and D. Peabody, on a note in these words: "Fifteen days from date, I promise to pay Martin Wetherwax one hundred and ninety *dollars, value rec'd,* and use." Signed, "A. H. Paine." (Indorsed,) "M. H. Crane, D. Peabody." Plea, general issue, and notice that the defendant, Paine, had been garnisheed in two suits, before a justice of the peace, in respect to said note by creditors of the payee, Wetherwax, and that upon his, defendant's answer, judgment had been rendered against him, in each suit before said justice. The execution of the note was proved, and also that the consideration was a span of horses, purchased by defendant Paine, of the plaintiff, and that defendants Crane and Peabody, signed the note in the manner they did, to enable Paine to consummate the purchase. The defendants offered proof of the proceedings and judgment against defendant Paine, as garnishee, to which the plaintiffs, among other things, objected that the affidavit upon which the garnishee summons, set forth in defendant's notice, was issued, did not state affirmatively that the person making such affidavit was the agent or attorney of the plaintiff, but his agency was only set out by way of recital. Also, that the note mentioned in defendant's notice, was described as the note of Paine alone, whereas, it appeared that the note referred to was the joint note of Paine and the other two defendants, and that garnisheeing Paine, even though judgment might pass against him, would not estop the plaintiff from suing the three defendants. One other point raised at the trial was, that at the time the garnishee suit was commenced, the amount of the indebtedness of the garnishee to the principal debtor exceeded the jurisdiction of a justice of the peace, as then fixed by the constitution. Upon these questions the case was reserved for the opinion of this Court.

*Messrs. F. Ferguson and Crary & Hughes,* for plaintiff.

*Brown & Van Arman,* for defendants.

By the Court, COPELAND, J.

The principal questions reserved for our consideration, are:

First. Was the affidavit made by Bothwell, purporting to have been made as the agent of the plaintiff in the garnishee suits, sufficient to authorize the justice to issue the garnishee summons.

Second. Can the defendants, Crane and Peabody, be regarded and proceeded against, together with the defendant Paine, as original makers of the note in suit? and if so,

Third. Should all the defendants have been summoned in the garnishee suits, to constitute those proceedings a bar to this action?

The first section of the act authorizing proceedings against garnishees, Session Laws, 1849, page 153, provides, that if the plaintiff, his agent, or attorney shall make and file with the justice an affidavit, &c., the justice shall issue a summons. In the garnishee suits involved in this case, Bothwell, who made the affidavits, described himself as the agent of W. P. & L. Kassick, the plaintiffs, in the body of the affidavits, and also subscribed his name thereto, as their agent, but does not swear specifically to the fact. Now, the inquiry is, was that a question of jurisdiction. Must there be affirmative proof of agency before the justice will be authorized to issue a garnishee summons. We are inclined to think not. Under the provisions of the revised statutes of 1846, page 153, authorizing the issuing of garnishee process in cases of attachment, the affidavit may be made by "the plaintiff or other credible person." Under this last provision, to require the person making the affidavit, if made by a person other than the plaintiff himself, to swear that he is a credible person, in order to give the justice jurisdiction, might well be regarded as an absurdity, and it would be little less to require other affirmative proof thereof. The statute of 1849, as we have seen, only differs from that of 1846, in that it authorizes the affidavit to be made by an "agent or attorney" of the plaintiff, instead of some "other credible person." If an attorney of this Court had appeared and made the affidavits, I presume no one would have questioned their sufficiency. And here it may be observed, that by a provision of law, adopted at the same legislative session—that of 1849, parties were authorized to commence and prosecute suits in the County Courts by agent or attorney. If, in such case, the defendant should appear and question the authority

of the person assuming to act as agent, evidence of his authority might be required. But until questioned, the Court might well assume that a person who appears and acts as agent, is duly authorized so to act.

The second proposition involves a question that has long been a fruitful theme of discussion in our State Courts, and yet even up to this present time, it can scarcely be regarded as definitely settled in but few of the States.

In Massachusetts, the doctrine obtained at an early period, that a party who indorsed a note in blank, at the time of its inception, and before it passed into the hands of the payee, might be regarded and proceeded against as an original promisor. (*Josselyn* vs. *Ames*, 3 *Mass.*, 273; *Hunt* vs. *Adams*, 5 *Ib.*, 538; *Moies* vs. *Bird*, 11 *Ib.*, 435; *White* vs. *Howland* 9 *Ib.*, 314.)

In the case of Tenney *vs.* Prince, (8 *Pick.*, 385;) Parker, C. J., observes: "The principle by which all our decisions have been regulated from Josselyn *vs.* Ames, downwards, is, that where the indorsement is made at the time of making the note, the person indorsing the note is to be treated as an original promisor." The same doctrine is adhered to in subsequent decisions. (*Oxford Bank* vs. *Hughes*, 8 *Pick.*, 423; *Austin* vs. *Boyd*, 24 *Pick.*, 64.)

In Vermont, the law is well settled, that where a person indorses his name upon a promissory note in blank, he, not being the payee, will, *prima facie*, be held as a joint promisor. (*Flint* vs. *Day*, 9 *Ver.*, 345; *Nash* vs. *Skinner*, 12 *Ib.*, 219; *Story* vs. *Ricker*, 16 *Ib.*, 554; *Sanford* vs. *Norton*, 17 *Ib.*, 285.)

The same general doctrine prevails in New Hampshire and Ohio. In the case of Carpenter *vs.* Bright, (9 *Ohio*, 137,) the Court held that if a person not a party, give his name to a note already existing, his engagement is collateral only, and he is to be held as guarantor; but if such indorsement be made at the time of the execution of the note, without prescribing the limits of his responsibility, he authorizes the holder to treat him as a maker, and is as much bound as though his name was written under that of the principal. The same principle is recognized in Stage *vs.* Olds, (12 *Ohio*, 158,) and Leonard *vs.* Sweetzer, (16 *Ib.*, 1.)

It seems that in the above States the rule prevails, whether the paper is negotiable or not. The decisions in New York, upon this subject, have not been uniform. Formerly they differed little, if at all, from the decisions in Massachusetts. (*Leonard* vs. *Vredenburg*, 8 *John.*, 28; *Nelson* vs. *Dubois*, 13 *Ib.*, 175.) Now, the question in New York is made to depend, as it would seem, entirely upon the fact of negotiability. In Seabury *vs.* Hugerford, (2 *Hill*, 80,) the Court held that an indorsement of a negotiable note in blank, is in legal effect, an agreement to pay, on the usual conditions of demand and notice. (*Hall* vs. *Newcomb*, 3 *Hill*, 233; 7 *Ib.*, 416; *Spies* vs. *Gilmore*, 1 *Comstock*, 321.)

It is unnecessary for this Court now to determine whether they will adopt the doctrine, as it now seems to be well established in New York, for the note in controversy falls within the most narrow rule we have been considering. It is not only a non-negotiable instrument, executed by all the defendants before delivering to the payee, but the case shows that the defendants Crane and Peabody, indorsed the note for the very purpose of enabling Paine, the principal, to purchase the property for which the note was given. The credit was given to the defendants jointly; and the indorsers stand in the same relation to the payee, or his assignees, that they would have done had they written their names upon the face of the note, under that of the principal. It was an original undertaking; and clearly, they may be proceeded against as original makers.

Thirdly. Should all of the defendants have been summoned in the garnishee suits? They undoubtedly should have been. The authorities upon this point are uniform and explicit, so far as I have been able to find any, treating upon it. The reason that they are not more numerous, probably arises from the fact that this kind of process has, at least till recently, been in force in but few of the States out of New England. But there the Courts have all held, that where a debtor holds a joint contract against two or more, and his creditor would avail himself of the benefit of this contract under a trustee process, as our garnishee process is there called, he must summon all the parties liable by law to discharge it. (*Jewett* vs. *Bacon and Trustee*, 6 *Mass.*, 59; *Rix* vs. *Elliott and Trustee*, 1 *N. H.*, 184; *Hudson* vs. *Hunt and Trustee*,

5 *Ib.*, 538; *Atkins* vs. *Prescott*, 10 *Ib.*, 120; *Hutchinson* vs. *Eddy and Trustee*, 16 *Shepley*, 485.)

In Atkins *vs.* Prescott, Upham J., says it is well settled that one of two joint debtors cannot be charged as a trustee, in a suit where the other debtor is not joined. Another, and an equally fatal objection is, that neither the defendant's notice, nor the answer of Paine as garnishee, describes the note upon which this suit is brought. This suit was brought upon a note executed by Paine the garnishee, and two other persons, Crane and Peabody, all the defendants in this case. The notice and the answer describe a note or due-bill, executed by Paine alone; and although of the same date and for the same amount, and given for a similar species of property, it may still have been another indebtedness. Can we legally assume that it is the same? Paine's disclosure or answer, for aught that appears, may have been upon a separate individual indebtedness. The objection that the indebtedness of the garnishee to the principal debtor, exceeded the amount of the jurisdiction of a justice of the peace, is not, I think, a valid one; the jurisdiction of the justice depending, not upon the sum due from the garnishee to the principal debtor, but upon the sum claimed to be due from the latter to the plaintiff in the garnishee suit.

The case presents some other questions, which, in view of the foregoing, it becomes unimportant to consider.

Upon the whole, we are of the opinion that the garnishee proceedings, as set out in the defendants' notice, are not a bar to a recovery by the plaintiff.

Let it be certified accordingly.