PETER BARKHEAD, VS. GEO. F. WILLIAMS, MARTIN GILBERT AND ARCHIBALD VANWAY.

A person who writes his name on the back of a negotiable promissory note, without consideration, before the same is delivered to the payee, is not to be held as a joint maker.

*Tried by the Court and decided July* 31, 1869, *in the Circuit Court for the County of Saginaw.*

*H. H. Weeler and J. Munton*, for Plaintiff.

*Gaylord & Hanchett*, for Defendant.

BARKHEAD, v. WILLIAMS, GILBERT AND VANWAY.

*By the Court*, SUTHERLAND, J.—This suit is brought on a promissory note made in the words and form following :

$500. " Saginaw City, Dec. 19, 1867.

Two months after date, for value received, we jointly and severally promise to pay J. W. Featherly or bearer, five hundred dollars. Signed, MARTIN GILBERT,
A. G. VANWAY."

Defendant Williams wrote his name on the back of the note. He has not been treated by the holder as an endorser ; and he is not now sought to be made liable as such, on the usual conditions of demand and notice; but as a joint maker. His name was written on the note before it was delivered to the payee, but he did not participate in the consideration.

There is nothing but Williams' relation of surety to the other defendants, and the position of his name on the note to indicate the nature of his contract.

It must be persumed that his name was put on the note to give it credit with the payee, and in pursuance of that intention some effect should be given to it, to increase the security for payment. The contract so indicated has received various constructions in different States, but none by the Court of last resort in this State.

It is belived that the decided weight of authority is against his being treated as a joint maker.

The fact that he did not put his name to the note in the same manner as the other defendants, is an indication of the intention of the parties that his liability should not be identical with theirs

His name is put to the note in such form that he could be held as endorser. He was not an endorsee or payee, and his endorsement was not operative to transfer a title ; yet he may be an endorser and liable in that character. *Dean* vs. *Hall*, 17 *Wend*, 514; *Oakley vs. Boorman*, 21 *Wend*, 588; 1 C. M. & R 439.

Where his endorsement may operate to make him liable as endorser, such liability is presumed to be intended. *Seabury vs. Hungerford* 2 *ill* 80–83 ; *ill vs. Newcomb*, 7*ill* 416.

When, however, the indorsement is upon non-negotiable pa-

per, and therefore cannot be construed and made to operate according to the law merchant, then, to prevent an entire failure of the contract, it is construed as binding in another form. *Hill vs. Newcomb,* 3 *Hill,* 232 ; 2 *Hill.* 80 ; *Wetherwax vs. Paine,* 2 *Mich.* 555.

The only question in the case is, whether the defendant Williams is liable as joint promiser. It must be held that he is not.