### SUSAN F. BRAZEE, ADM'X, v. JAMES WOODS.

The firm of Sims & Co. consisted of three partners—Sims, Brazee, and Woods. The former two bought out the interest of Woods, and agreed to pay all the liabilities of the firm ; but no writings passed, except Woods's transfer of his interest to the others. Woods afterwards sued Brazee's administratrix and Sims, alleging that a certain note signed "Sims & Woods" was one of the liabilities of Sims & Co., assumed by Sims and Brazee, and that he had been compelled to pay it. *Held,* that the undertaking of Sims and Brazee, to pay the liabilities of Sims & Co., was not within the Statute of Frauds. But, *held further,* that Woods must prove that the firm of Sims & Co. was liable on the note signed "Sims & Woods," and also that he had actually paid it ; and the receipt of a person not known to the record was not sufficient to establish the payment. (Walker, J., dissented in part, holding that neither the pleadings nor the evidence made any case against Brazee's estate, and that the cause should be dismissed as against his administratrix, instead of being remanded.)

APPEAL from Orange. Tried below before the Hon. Wm. Chambers.

The opinions disclose the material facts. Part of the

assets of the firm consisted of land, and the transfer of Woods, the retiring partner, to Sims and Brazee, was in the form of a bond to make title to the land, though it also assigned his interest in the personalty.

The appeal was by Brazee's administratrix alone.

*E. B. Pickett*, for the appellant.

*W. M. Walton*, for the appellee.

EVANS, P. J.—This is a suit by a retiring partner, Woods, the appellee, on a contract of the remaining partners to pay the debts of the firm. This contract is recited in an instrument of writing, conveying his one-third interest to all the real estate, machinery and assets of the firm, in consideration, among other things, that Sims and Brazee should indemnify him against all the liabilities of the firm of Sims & Co.

The petition avers, that among the liabilities of the firm of Sims & Co. was a certain note signed Sims & Woods; and that judgment was afterwards recovered against Woods, in the County Court of Orange county, for the amount of this note, which judgment he was compelled to pay off, the remaining partners refusing to pay any part thereof.

To this demand the appellants set up a general denial, and the statute of frauds.

There was a verdict and judgment for the plaintiff, and motion for a new trial, which was overruled.

There is no doubt that if the note signed by Sims & Woods, was a note of the firm of Sims & Co., and he had had it to pay, he would have a right of action against his copartners.

In Gray v. Williams, 9 Humph., 503, it is held, that where a partner purchased the effects of the firm, and gave his copartner an article of indemnity against

debts, and the copartner was sued and judgment recovered, the copartner had a right of action against his partner on two grounds: first, he had discharged a debt due by the firm, and was entitled to contribution; and second, the article of indemnity had been broken, and he was entitled to damages for the amount of the debt paid.

In this case, Woods claims not only the contribution, but the whole of the debt from which they were to hold him harmless; and of course relies upon their agreement, which was not signed by the remaining partners.

This agreement, though a parol agreement—not being signed, etc.—is clearly not within the statute, for two reasons: first, no time is specified within which it was to be performed; and second, it had been entirely executed on one side.

In 2 Parsons on Contracts, pages 317, 318, it is stated that "where a contract, originally within the provisions of the statute of frauds, has been entirely executed on one side, and nothing remains but the payment of the consideration, this may be recovered, notwithstanding the statute."

This point was adjudged in Donnellan v. Read, 3 Barn. & Ald., 899. During the argument of that case, Parke, J., interrupted the counsel to say: "If goods are sold to be delivered immediately, or work contracted for to be done in less time than a year, but to be paid for in fourteen months, or by more than four quarterly installments, is that a case within the statute?"

In Bracegirdle v. Heald, 1 B. & Ald. 722, Littledale, J., in delivering the opinion of the court, said: "In case of a parol sale of goods, it often happens that they are not to be paid for in full till after the expiration of a longer period of time than a year; and surely the law would not sanction a defense on that ground, when

the buyer had had the full benefit of the goods on his part."

For other cases illustrating this point, see Cherry v. Heming, 4 Exch., 631 ; 3 Bingham, 335.

Neither is this agreement within the second clause of our statute of frauds, viz., that "no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person." (Paschal's Digest, Article 3875.)

In the case of Leonard v. Vredenburgh, 8 Johns., 28, Chancellor Kent, in classifying the cases which come within this provision of the statute, mentions the case of an original and independent agreement between the parties, which he decides not to be within the statute. (1 Saunders, 211, note 2.)

This classification has been frequently referred to and substantially adopted in several subsequent cases. (4 Cowen, 432 ; 21 Maine, 410 ; 10 Johns., 112.)

Neither is this agreement within the fourth section of our statute of frauds, declaring that "no action shall be brought upon any contract for the sale of lands, tenements, etc." (Paschal's Digest, Article 3875.) The land having been conveyed to appellant, and he having enjoyed the benefits resulting therefrom, the statute of frauds cannot avail in an action brought to recover the price. (Brackett v. Evans, 1 Cush., 79.)

In Bowen v. Bell, 20 Johns., 338, a case very similar to the one we are now considering, Woodworth, J., delivering the opinion of the court, says : "This is not a case within the statute of frauds. The contract was perfected by giving the deed. The claim now is to pay the value ; the consideration to support the promise is the release of the plaintiff's title. It is immaterial what was the origin of the debt, provided it is founded on a

20—xxxv

lawful consideration. This action is not on a contract for the sale of lands, or any interest in lands. The law raises the promise to pay, and in such a case it is not within the statute of frauds, although it be raised from an agreement concerning an interest in lands. In Goodwin v. Gilbert, 9 Mass. Rep., 514, it is laid down as a general rule, that where land is conveyed by a deed poll, and the grantee enters under the deed, the grantor may maintain *assumpsit*, for the non-performance of the duties reserved. The case of Pomeroy v. Winship, (12 Mass. Rep., 514,) is very much in point. It was there decided, that if a *parol* contract be made for the sale of lands, and a deed be afterwards given pursuant to the contract, the bargain is then consummated, and the contract is liable to no objection arising from the statute of frauds." (See also Baxter v. Gay & wife, 14 Conn. Rep., 119 ; Thomas v. Dickinson, 14 Barbour, 90 ; 2 Par. Con., Note 5, p. 316, and authorities there cited.)

But the evidence adduced by the appellee in support of his demand is wholly insufficient to entitle him to recover in this suit. He must prove that the note, which is the subject of this suit, was given on partnership account, and hence, one of the liabilities of the firm of Sims & Co., and that he actually paid the amount of the judgment rendered against him ; and for this purpose a receipt of the amount from a party wholly unknown to the record, is not sufficient. (2 Greenl. Ev., p. 101, § 113 ; Id. p. 509, § 517; 3 B. & C., 421 ; 4 Harrington, 206.)

The judgment of the County Court of Orange county, though informal, we do not feel authorized to pronounce invalid ; but however this may be, the appellee Woods is entitled to recover only to the amount he has had actually to pay by reason of said judgment. The

receipt of Stark, and the assignment of the judgment to Woods gives him no right of action whatever.

The judgment is reversed and the cause remanded.

WALKER, J.—We agree in reversing this case for reasons obvious to this court, but my brethren do not concur with me in the opinion that Mrs. Brazee is by law exonerated from answering further in this case. To my mind it is clear that no case whatever has been made against the estate of her husband, which she represents.

The Cochran note, which has become the foundation of this suit, was not among the liabilities of Sims & Co. No reference whatever is made to it in the title bond from Woods to Sims & Brazee. It was a note given by a different firm, viz., the firm of Sims & Woods; and that such a firm as Sims & Woods existed, Sims at least, who wrote and signed the note, is estopped from denying. Sims is introduced as a witness, and his evidence is to the effect that he made a contract with Brazee to buy out his interest in the firm; that Brazee went out about other business, giving no attention to the business of this firm for about one month; that after that time, the war coming on, he concluded that it would be better to retain Brazee in the firm, and he accordingly backed out from his contract, and Brazee had to remain in the firm. He thinks, but is not sure, that Brazee received a portion of the earnings of the business whilst he was out of the firm.

Take this evidence, then, for all it is worth, it does not prove that the Cochran note was ever given by Sims & Woods in the course of the business transaction of the firm, or that the firm participated in any benefits derived from the note. It does not negative the fact that the note may have been given by Sims &

Woods for some reason, or in some matter entirely disconnected with the firm business. There is not, then, one word of evidence in the record tending, in the remotest degree, to show that Brazee ever had any knowledge of the existence of the Cochran note, or that he ever participated in any benefits derived from it. There is not a case made against Brazee's estate, either in the pleadings or evidence. True, there is a general allegation of liability in the petition, but the petition refers to the title bond, as part thereof, and as the evidence of this liability, while the title bond contains no covenant by which Sims & Brazee assume to pay any other than the debts of Sims & Co. Where, then, is the ground of liability against Brazee's estate? I cannot see it, in the remotest degree. It is not only the province, but the duty of the district court, where there is no evidence to fix a liability, so to instruct the jury, and let them return their verdict accordingly. And it now becomes the duty of this court, under Article 1562, Paschal's Digest, to render the judgment which the district court ought to have rendered. I therefore believe that this action, as against Mrs. Brazee, should be dismissed.

REVERSED AND REMANDED.