WHITE, BONNER & WRIGHT *v.* I. H. STANLEY.

1. In an affidavit for an order of attachment, under section 92 of the code, made by the plaintiff's attorney, it is not necessary to show why the affidavit was not made by the party himself, or that the facts stated in the affidavit were within the personal knowledge of the affiant.

2. The debtor of a bank, of which A was cashier, transferred a negotiable note, in payment of his indebtedness, to A by special indorsement, and thereupon the bank, to enable A to bring suit thereon, assigned its interest in the note to him. *Held*, that A might maintain an action on the note in his own name, notwithstanding he may be accountable to the bank for the proceeds when collected.

3. Such indorsement and transfer having been made before maturity of the note, the same in the hands of A is not subject to any defense of which neither he nor the bank had notice at the date of the transfer.

MOTION for leave to file a petition in error to the District Court of Hamilton county.

The original action was brought in the Court of Common Pleas of Hamilton County, by I. H. Stanley, defendant in error, against White, Bonner & Wright, plaintiffs in error, as makers, and against Sperry, Hale & Co., as indorsers, of a promissory note, of which the following is a copy:

"$1,500.          GUYANDOTTE, W. VA., *November* 20, 1873.

"Eight months after date, we promise to pay to the order of Sperry, Hale & Co. fifteen hundred dollars, at Second National Bank, Ironton, O.

"WHITE, BONNER & WRIGHT."

The indorsement thereon was as follows:

"Pay I. H. Stanley.     SPERRY, HALE & Co."

The indorsement was not to "I. H. Stanley, cashier," as assumed by counsel.

The makers of the note, in their answer and upon the trial, sought to impeach the plaintiff's title to the note, and to establish fraud on the part of Sperry, Hale & Co. in its procurement.

On the trial in the court of common pleas a verdict and judgment were rendered in favor of the plaintiff, which judgment was afterward affirmed in the district court. These judgments are now sought to be reversed, and the decision of the court upon the principal matters assigned for error will be understood from the following statement of the case.

At the commencement of the action below, an order of attachment, under which certain property of White, Bonner & Wright was seized, was issued on the affidavit of the plaintiff's attorney. The defendants afterward moved the court to discharge the attachment, on the ground that the affidavit was insufficient. The supposed defects in the affidavit were, that no reason was stated why it was made by the attorney instead of the plaintiff, and also that it was not stated that the facts sworn to were within the knowledge of the affiant. The overruling of this motion is assigned for error.

The principal questions in the case, however, arise on the testimony, all of which is contained in the bill of exceptions, and on the charge of the court in relation thereto.

The facts of the case may be thus stated : The International Bank of Cuyahoga Falls, an unincorporated banking company, doing business in Summit county, Ohio, of which the plaintiff was cashier, held a note on Sperry, Hale & Co. for $1,550, bearing date August 30, 1873, and payable four months after date. For the purpose of paying this note, Sperry, Hale & Co., on the 17th of December, 1873, indorsed and delivered the note sued on to the plaintiff. Upon receiving this note, with the special indorsement thereon, together with a bill of exchange for the difference, the plaintiff, as cashier of the bank, canceled and delivered

up to Sperry, Hale & Co. their note for $1,550. Afterward, upon the maturity of the note in suit, it was duly protested for non-payment; and thereupon the bank, through its president, in writing, but without consideration, assigned to the plaintiff all its right, title, and interest in the note; and afterward, to wit, July 23, 1874, the original suit was commenced.

On the trial, the defendants offered the deposition of the plaintiff, wherein he testified that at the commencement of the suit he was the owner of the note; but, disclaiming any personal interest therein, he further testified that, as cashier of the bank, he had, in the usual course of business, discounted the note for the bank, and that the subsequent assignment to him was for the purpose of the action only.

Testimony was also offered tending to prove (and for the purpose of this suit in fact showing) that the consideration of the note had, in part, failed, and also that the note had been procured by Sperry, Hale & Co. through fraud. But no testimony was offered tending to prove (nor is it claimed) that the plaintiff or the bank had notice of such defenses at the time of the indorsement and transfer of the note.

*Hildebrandt & Bruner*, for the motion:

1. The plaintiff below was not the real party in interest. Code, section 25, which repeals by implication so much of the act of 1820 (S. & C. 862, sec. 2) as conflicts with its provisions in reference to the proper and necessary parties to an action.

Nor does the plaintiff come within any of the exceptions of section 27 of the code. On this point the court is referred to 47 N. Y. 345; 34 Ind. 28; *Rankins* v. *Tuller*, 31 Ind. 255; 51 Mo. 128; *Nichols* v. *Goss*, 26 Ohio St. 425.

2. The affidavit for the attachment made by the agent of the plaintiff should have stated the reason why the plaintiff himself did not make it.

*Hoadly, Johnson & Colston*, contra:

1. The affidavit for the attachment was in strict conform-

ity with section 192 of the code. That section does not require that, in an affidavit for an attachment made by an attorney or agent of the plaintiff, it should appear that the affiant had personal knowledge of the facts stated in the affidavit, or that it should appear why the affidavit was not made by the plaintiff.

2. The indorsement and delivery of the note to Stanley by the payees, coupled with Stanley's possession of the same, put the legal title of the note in him, and he is therefore entitled to bring an action upon said note against makers and indorsers. 1 Chitty's Pl. 2, 3; *Evans* v. *Cramlington*, Carthew, 5 (2 Jac. 2); 2 Parsons on Notes and Bills, 436, 443, 451; *Bowman* v. *Wood*, 15 Mass. 535; *Thayer* v. *Buffman*, 11 Met. 399; *Morton* v. *Rogers*, 14 Wend. 580; *Lovell* v. *Everton*, 11 Johns. 52; 2 Daniel on Neg. Inst. 197, sec. 1181; *Gage* v. *Kendall*, 15 Wend. 639; *DeCordora* v. *Atchison*, 13 Texas, 372; *Smith* v. *Burton*, 3 Vt. 233; *Poirier* v. *Morris*, 2 Ellis & Black. 88; *Thompson* v. *Cartwright*, 1 Texas, 87; *Little* v. *O'Brien*, 9 Mass. 423; *Brigham* v. *Gurney*, 1 Mich. 249; 2 Kent's Com. 89; *Fowler* v. *Willis*, 4 Texas, 46; Story on Prom. Notes, sec. 126; *McConnell* v. *Thomas*, 2 Scam. 313; 1 Texas, 184; *Caruthers* v. *Wardlaw*, Dudley (Ga.), 189; *Greenfield* v. *Yeates*, 2 Rawle, 158; *Shepherd* v. *Evans*, 9 Ind. 260; *Cocke* v. *Dickens*, 4 Yerg. 29; *Rutherford* v. *Mitchell*, Martin & Yerger, 261; *Rose* v. *Laffan*, 2 Speer, 424; *Horah* v. *Long*, 4 D. & B. 274; *McHenry* v. *Ridgely*, 2 Scam. 309; *Porter* v. *Nekervis*, 4 Randolph, 359; *Fairfield* v. *Adams*, 16 Pick. 381; *Van Nest* v. *Forrest*, 8 Cranch, 30; *Bank of the United States* v. *Lyman*, 20 Vt. 666; Wharton's Com. on Agts., sec. 434, 684; *Collins* v. *Buckeye State Ins. Co.*, 17 Ohio St. 215; *Cummings* v. *Morris*, 25 N. Y. 627; *Allen* v. *Brown*, 44 N. Y. 228; Ib. 349; *Eaton* v. *Alger*, 47 N. Y. 345; 34 Ind. 28; *Farwell* v. *Tyler*, 5 Iowa, 540; *Fear* v. *Jones*, 6 Ib. 169; *Cottle* v. *Cole*, 20 Iowa, 482; *Price* v. *Dunlap*, 5 Cal. 483; *Williams* v. *Norton*, 3 Kansas, 295; *Castner* v. *Sumner*, 2 Minn. 44; *McDonald* v. *Kneeland*, 5 Ib. 352; 13 Mich. 243; 14 Mo. 428; 51 Mo. 128.

The act of 1820 (1 S. & C. 862) is not repealed or superseded

by section 25 of the code. *Roxborough* v. *Messick*, 6 Ohio St. 451; 10 Ohio, 67.

McILVAINE, J. The court of common pleas did not err in overruling the motion of defendants to discharge the attachment. Section 192 of the code authorizes the making of an order of attachment upon the " affidavit of the plaintiff, his agent or attorney," showing certain facts therein enumerated. The sufficiency of an affidavit for an order of attachment made by the plaintiff's agent or attorney is determined by the same tests as one made by the party himself. There is no such limitation upon the power of an agent or attorney to make an affidavit for an attachment as is prescribed by section 93 of the code. This section was intended to apply only to affidavits in verification of pleadings. This is rendered clear from the context of the section as well as by its terms.

Was the verdict contrary to the law and the evidence?

This general question involves two others: 1. Did the plaintiff have such interest in the cause of action as to authorize a judgment in his favor? 2. Were the makers of the note entitled to the same defenses as if the action had been brought by the payees, Sperry, Hale & Co.?

1. It is not disputed that the note sued on, under the 1st section of the act of February, 1820, entitled " an act making certain instruments of writing negotiable," was negotiable by indorsement thereon so as absolutely to transfer and vest the property thereof in the indorsee; nor is it disputed that, under the 2d section of said act, the plaintiff, as indorsee, was expressly authorized to maintain an action thereon in his own name. The claim made by plaintiff in error is, that by section 25 of the code of civil procedure, passed in 1853, the plaintiff, under the facts of this case, could not maintain an action on the note. This section provides that, " Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section twenty-seven." Section 27 provides that " an executor, administrator, guardian, trustee of an express trust, a person

with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted." The point is, that the International Bank was the real party in interest and that the plaintiff below was not within any of the exceptions named in section 27 of the code.

If the rule of the code, when applied to the facts of this case, is in conflict with the provisions of the 2d section of the negotiable instrument act, the former must prevail; but we think there is no such conflict, because, not merely that the indorsee of a negotiable instrument is expressly authorized by the latter act to sue in his own name, but also that the rule of the code, without that special exception in section 27, does not forbid the action in plaintiff's name.

Whatever the rule may be in a case where an indorsement of a negotiable instrument is made for the mere purpose of collection, it is quite clear that this is a very different case. Here the payees, who were the absolute owners of the note, transferred to the plaintiff, by the indorsement and delivery, all their title and interest, legal and equitable. So that the property in the note was absolute in the indorsee, notwithstanding he might in equity have been accountable to the bank for its proceeds when collected.

But if it be conceded that an equitable interest in the note accrued to the bank by the indorsement and delivery to Stanley, then such interest was assigned by the bank to the plaintiff before suit was brought. So that if the plaintiff was not the absolute owner of the note, he must have held it under some agreement or understanding with the bank as trustee of an express trust, for the benefit of the bank. In which case he came within another exception to the rule of section 25 of the code as contained in section 27.

The fact that the bank assigned and transferred its equitable interest in the note, if it had any, to the plaintiff without consideration and for the purpose of enabling him to prosecute the suit in his own name, does not in the slightest

degree. affect the question now under consideration, to wit, the right of the plaintiff to prosecute the suit in his own name.

2. Having determined that the action below was properly prosecuted in the name of the indorsee, the next question is of easy solution.

The plaintiff acquired the note in controversy before maturity, in good faith and for a valuable consideration. There is no pretense that he had notice at that time of any infirmity in the note as between the original parties. And conceding that the plaintiff took the note in trust for the benefit of the bank, and that therefore any defense which the makers had against the payees, of which the bank had notice, would be available against it in the hands of the plaintiff, the case is still against the plaintiffs in error. It is affirmatively shown that the bank had no knowledge of the alleged defenses against the note.

We find no error in the record.

*Motion overruled.*