### HARDENBERG *et al.* v. ROBERTS.

1. An affidavit for a warrant of attachment may be made by an agent, and such agency sufficiently appears from an affidavit in which the affiant states "that he is the agent for the plaintiffs for the purpose of making this affidavit, and he makes the same on behalf of said plaintiffs in the above entitled action."

2. The findings of the trial court upon the facts on the motion to discharge an attachment will not be disturbed, unless this court is satisfied that the decision of such trial court is againt the preponderance of the evidence.

(Syllabus by the Court.  Opinion filed Jan. 19, 1895.)

Appeal from circuit court, Beadle county.  Hon. A. W. CAMPBELL, Judge.

Action by Mary C. Hardenberg and others against H. A. Roberts, accompanied by an attachment.  From an order denying a motion to discharge the attachment, defendant appeals. Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellant.

*A. E. Chamberlain*, for respondent.

In an affidavit for an attachment it need not be stated that affiant made it for the plaintiff, nor need the affiant state that he is the agent or attorney of the plaintiff, if he so described himself in the affidavit or stated that he had personal knowledge of the facts stated therein.  Drake Attachments, sec. 94; Mandell v. Peet, 18 Ark. 236; Weatherwax v. Paine, 2 Mich. 555; White v. Stanley, 29 O. St. 423.  The affidavit may not be literally according to the words of the law; a substantial compliance is sufficient.  Wheeler v. Farmer, 38 Cal. 203; Mayhew v. Dudley, 1 Pinney 95; Ellison v. Tallon, 2 Neb. 14.

CORSON, P. J.  The motion to discharge the attachment in this case was made upon the following grounds:  First, that the affidavit of attachment was irregular, and not sufficient to sustain the attachment; second, that the allegations contained

in the affidavit were false, and that there was no foundation for the same in fact. The learned counsel for the appellant contends that the affidavit is insufficient in this: that it does not purport to be made by the plaintiffs, or by their duly-authorized agent, or by any person having knowledge of the facts, and hence was wholly incompetent as evidence of the facts therein stated. The affidavit was made by one John McDermott, who swears "that he is the agent for the plaintiffs for the purpose of making this affidavit, and he makes the same on behalf of said plaintiffs in the above-entitled action." Section 4995, Comp. Laws, provides that "the warrant (of attachment) may issue upon affidavit stating," etc. It will be observed that the person by whom the affidavit shall be made is not designated. It would seem to be sufficient, therefore, if the affidavit be made by the plaintiff, or by any authorized agent. In this case the affidavit appears to have been made by a duly-authorized agent, and the statement in the affidavit that the person making it was such agent is sufficient. Drake, Attachm. Sections 93a, 94; Mandel v. Peet, 18 Ark. 236; White v. Stanley, 29 Ohio St. 423; Wetherwax v. Paine, 2 Mich. 555; Ellison v. Tallon, 2 Neb. 14.

The appellant further contends that the court below should have discharged the attachment upon the facts disclosed by the record, and his refusal to do so is error. The findings of the trial court upon the facts on a motion to discharge an attachment will not be disturbed unless this court is satisfied that the decision of such trial court is against the preponderance of the evidence. From a careful examination of the evidence in this case we conclude that the decision of the court below was not only not against the preponderance of the evidence, but was clearly in accordance with the weight of evidence, and the order of that court should be affirmed, and it is so ordered.