Spear, J.
The question at the threshold is whether or not the action is maintainable by the plaintiff below in his own name? Our statute, section 4993, provides that “an action must be prosecuted in the name of the real party in interest,” except as provided in the two following sections, and the pertinent provision of the exceptions is that “a trustee of an express trust, a person with whom, or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted.” It is not supposed that any other provision of the statute aids the plaintiff below. If he is not the real party in interest' then his right to maintain the action must rest upon one or the other of the two exceptions quoted. It would be difficult to *321 conclude that he is the real party in interest when his relation to the accounts declared on is contrasted with that of the others who claim to have performed the labor and to have earned the sums sued for. Prior to the making of the contract he had no possible interest in the subject-matter. By the contract he acquired an apparent beneficial interest to the extent of his fees for services yet to be rendered, and none other. That is, it was a contingent interest. If the effort to collect fails, he loses compensation for the work done, and the costs made by him, and the other parties to the contract, if bound by the result, lose -their entire claims. If he succeeds he gets only compensation for his professional labor with immunity from costs, and they get the whole of what remains. It may be admitted that the plaintiff is «.party in interest, but it seems hardly reasonable to assume that, in this situation, the plaintiff is the real party in interest, and we are of opinion that he is not. We are aware that the tendency of some courts has been to uphold actions brought upon negotiable instruments, transferred for collection only, on the ground that the plaintiff is the real party-in interest, and that there are some authorities which point to that conclusion. Indeed it may be admitted that the trend in some of the code states is in that direction. But we have found no case which goes to the extent of holding that an assignment of an open account for the mere purpose of collection, one which gives the assignee a contingent interest only, constitutes him the real party in interest within the meaning of the statute.
Can this contract be regarded as one made for the benefit of another? We think not. The language implies that that other must be a third person. Here *322 the contract, by its terms, is for tbe benefit of tbe person who is making it, and indeed it is but justice to say that the learned counsel for tbe defendant in error do not insist that it is such contract.
Is it, then, tbe creation of an express trust within tbe meaning of tbe statute? True tbe language of tbe paper evinces an intention to create a trust. It uses tbe word “trustee.” It points out tbe persons, tbe property and tbe purpose. But wbat warrant is there for saying that this statute can mean that an express trust can be created for tbe purpose only of collecting an account? Tbe controlling rule, given as tbe general rule at tbe beginning of tbe chapter, is that a suit to collect sucb dioses in action must be prosecuted in tbe name of tbe real party in interest. We have found that, as we believe, by no fair test can Ginn be regarded as tbe real party in interest. If this conclusion be right, is it conceivable that, having prescribed this as tbe controlling rule, tbe law-makers would proceed, in a cognate section, to authorize an exception which would practically nullify and take away tbe plain beneficial rule thus established? And of wbat avail would be a requirement sucb as is here provided if its manifest purpose could be defeated by a paper sucb as forms tbe basis of tbe action in tbe case below? We conclude that tbe claim of an express trust cannot in this case be maintained, for it is a settled rule that a valid trust cannot be founded upon a contract in contravention of tbe general policy of tbe law. Hill on Trustees, 45; Lewin on Trusts, 19; Prosser v. Edmonds, 1 Y. & C., 481. And we conclude further, that, in order to constitute tbe party a trustee of an express trust within tbe meaning of section 4995, tbe right and duty to bring an action must be incidental to other powers and duties under tbe as *323 sumed trust, and the authority not confined simply to the bringing of an action to collect the subject of the contract which purports to create the trust, and pay the net proceeds over to the assignor. Such a contract is rather one of agency; it is not one which creates an express trust within the meaning of this statute.
It is to be observed, also, that these eight creditors were not joint owners of all the claims, but were several owners, each of his own. Neither had any interest in the claim of any other. Nor were the claims connected with one another. Each rested on its own peculiar facts. The parties could not, therefore, have joined in one action in their own names. Why should they be permitted, by agreeing to create a joint trustee, to collect their several claims in one suit? The transaction bears the appearance of an effort to evade the statute regulating the joinder of causes of action. Possibly, under the condition of the pleadings, this is not a fatal objection, but it is, after all, not without weight.
We have not overlooked the case of White v. Stanley, 29 Ohio St., 423. The material question involved there was the right of the plaintiff to maintain the action in his own name. The syllabus states the case thus: “The debtor of a bank, of which A was cashier, transferred a negotiable note in payment of his indebtedness, to A by special endorsement, and thereupon the bank, to enable A to bring suit thereon, assigned its interest in the note to him. Held, that A might maintain an action in his own name, notwithstanding he may be accountable to the' bank for the proceeds when collected.” The endorsement was in the usual form, and directly to A individually; not as cashier. His legal title did not, therefore, at all *324 depend upon any assignment from the bank; that ceremony was quite beside the question and was wholly unimportant. It is observed by Mcllvaine, J., in the opinion, that “whatever the rule may be in a case where an endorsement of a negotiable instrument is made for the mere purpose of collection, it is quite clear that this is a very different' case.” And manifestly this was correct. It is true that the opinion sustains the right of the plaintiff to maintain the action on the provisions of section 27 of the code, now section 4995. , But it is clear that the conclusion reached and the judgment rendered by the court may rest, beyond any question, upon the provisions of the act of February 20,1820, known as the “Negotiable Instrument Act” (S. & C., 862), now section 3172, Revised Statutes, which in terms gives authority to the endorsee of any such instrument to institute and maintain an action upon it in his own name. See, also Nichols v. Gross, 26 Ohio St., 425.
But there ig another difficulty with the case of the plaintiff below. As before stated, his case rests wholly on the written contract introduced by him in evidence. Prior to its execution he had no connection with the assignors, and had been in no way instrumental in the creation of their claims. That paper contemplates, nay, it provides for, the prosecution for collection of the several claims against Brown. It purports to sell and assign the claims to Ginn. The prosecution was to be in his name, and the suit was so brought. Such prosecution made him liable for the costs. He was, in that situation, bound to pay them, and if he was the owner of the claims no one else was liable in any event. The distinct provision is that the costs and attorney’s fees are to come out of the recovery. That is, the second parties are not to pay *325 them. So that, by the terms of this agreement, the attorney was to prosecute an action in his own name, at his own risk and expense and receive his compensation out of the recovery, thus purchasing disputed claims and stirring up litigation. Again, if this paper affected the object, and was a real transfer of these accounts to the attorney, the several parties of the second part thus parted with all right to control the litigation or to compromise it without the consent of the attorney, and this inability was made doubly so by the fact thakno one of the second parties had any sort of interest in the portion of the demand which rested upon the services of any other. Upon all the authorities such an arrangement is champertous, and will not be maintained by the courts. See Stewart v. Welch, 41 Ohio St., 483; Pennsylvania Co. v. Lombardo, 49 Ohio St., 1, 5; Reece v. Kyle, 49 Ohio St., 475; Railway Co. v. Volkert, 58 Ohio St., 362. So that if the agreement vested in the attorney the legal title to the accounts so as to constitute him the real party in interest, and thus enable him to bring an action in his own name, such action cannot be maintained because against public policy, while, if he is not, within the meaning of section 4993, the real party in interest, the case would fail for that reason.
Other errors are assigned, but they are, in view of the conclusion announced, unimportant.
It follows that the judgments below are erroneous. They will be reversed and the petition of plaintiff below dismissed.

Judgment accordingly.

Burket, Davis, Shauck and Price, JJ., concur.