# MAY, 1916

L. E. BRANNIN ET AL. V. BARTON M. RICHARDSON ET AL.

No. 2457.  Decided May 3, 1916.

### 1.—Innocent Purchaser—Notice.

The purchaser of notes for value and before maturity is not, from the mere fact that they recite that they were given for purchase money of land and secured by a vendor's lien retained thereon, put upon inquiry as to the sufficiency of the vendor's title or taxed with notice of failure of consideration for the notes by failure of title, where nothing in such recitals suggested that it was defective. (P. 116.)

### 2.—Same—Vendor and Purchaser—Assumption of Incumbrance.

The purchaser of land who assumes, as part of the consideration, the payment of vendor's lien notes given by his vendor on his previous purchase of it, becomes liable to an innocent purchaser of such notes for value and before maturity for the full amount thereof, as was his vendor, though there has been a partial failure of title which could have been asserted as a defense against them in the hands of their original payee, the first vendor.  (Rev. Stats., art. 307.) (Pp. 116-118.)

### 3.—Note—Attorney's Fees.

Where the note sued on provided for a recovery of ten per cent of its amount as attorney's fees in case of suit, it was error to deny plaintiff such recovery in the absence of evidence as to its reasonableness.  He was entitled to do so without such proof, in the absence of evidence that the amount was unreasonable. National Bank of Eagle Lake v. Robinson, 104 Texas, 166, followed.   (P. 118.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

Brannin and another sued Richardson and others and, recovering less than claimed, appealed, and on affirmance obtained writ of error.

J. J. Butts and Batts & Brooks, for plaintiff in error.—Under the statute law of Texas, an assignee of negotiable commercial paper, purchased before maturity and for a valuable consideration, is protected as a bona fide owner and holder, regardless of the form of the transfer; and, as against such an assignee, equities between the maker and the payee can not be interposed as a defense in an action on the notes. Rev. Stats. (1895), art. 307; Word v. Elwood, 90 Texas, 130, 37 S. W., 414; National Bank of Commerce v. Kenney, 98 Texas, 293, 83 S. W., 368.

The ordinary rule of constructive notice which applies to the purchase of other property does not apply to negotiable commercial paper purchased before maturity.  Plaintiffs' testatrix having purchased the notes before maturity, for a valuable consideration, without notice of any defect or infirmity in the title to the land for which they were

given in part payment, is protected as a bona fide holder, and the defense of failure of consideration, as between the defendant A. B. Teston and the payee of the notes, can not be interposed, and plaintiffs are entitled to recover the full amount due on the notes sued upon. Wilson v. Denton, 82 Texas, 531, 18 S. W., 620; Buchanan v. Wren, 10 Texas Civ. App., 560, 30 S. W., 1077; Hynes v. Winston, 40 S. W., 1025; 7 Cyc., 944-945.

Appellants' testatrix purchased the notes sued upon before maturity and paid a valuable consideration therefor, without notice of any defect or infirmity in the title to the land for which they were given in part payment; the doctrine of lis pendens has no application to negotiable commercial paper taken before maturity; the covenants of warranty and recitations in the deed from Dawdy, the payee of the notes, to the Richardsons, and in the deed from the Richardsons to appellee Teston, and the fact that the notes sued upon recite upon their face that they were given in part payment for land, are not sufficient to charge appellants' testatrix; nor appellants, with notice of defects or infirmities in the title to the land, and the defense of failure of consideration is not available against appellants. Gannon v. Northwestern Natl. Bank, 83 Texas, 274, 18 S. W., 573; Adoue v. Tankersley, 28 S. W., 346; Altgelt v. Sullivan, 79 S. W., 339; Buchanan v. Wren, 10 Texas Civ. App., 560, 30 S. W., 1077; Hardie v. Wright, 83 Texas, 345, 18 S. W., 615; Board v. T. & P. R. W. Co., 46 Texas, 328; Daniel, Negotiable Instruments, sec. 797.

Where, as here, the notes provide for the payment of 10 per cent attorney's fees if placed in the hands of an attorney for collection, or if judicial proceedings be used in the collection thereof, and suit be brought thereon, plaintiff is entitled to a judgment for the attorney's fee, without proof of an agreement to pay such fee to the attorney who brought the suit, or that the fee was reasonable. First National Bank of Eagle Lake v. Robinson, 104 Texas, 166, 135 S. W., 372.

*J. L. Alford* and *Spann & Alford,* for defendants in error.—The purchaser of vendor's lien notes has notice of the consideration for which the note is given, the note reciting the land, and the lien on the same, to secure the prompt payment of the note. The recitals referring to the deed and the consideration for which said notes were given, the two instruments, that is, the notes and the deed, must be construed together, and one of said instruments must be notice of the other, the party purchasing such notes must take notice of the warranty expressed in the deed, in which the lien is retained, especially so when the title is all of record prior to the assignment of the lien. The assignee of a vendor's lien is bound by the warranty in the deed for the reason that two instruments reciting each other must be construed together and considered as one, so a third party can not be held to be an innocent purchaser before maturity of commercial paper under such conditions. Tarpley v. Poage, 2 Texas, 139; Cooper v. Singleton, 19 Texas, 261;

Blanks v. Ripley, 8 Texas Civ. App., 156, 27 S. W., 732; Frantz v. Masterson, 133 S. W., 740.

The purchaser of a vendor's lien note, before maturity and without notice, occupies the same position as if he had bought the land. Mansur & Tebbetts Implement Co. v. Beer, 19 Texas Civ. App., 311, 45 S. W., 972.

A purchaser of a note for value before maturity is entitled to recover thereon against the maker, notwithstanding a failure of consideration, unless he had actual or constructive notice thereof. First National Bank v. Oliver, 16 Texas Civ. App., 428, 41 S. W., 414.

Where at the time a subsequent purchaser buys, there is on record a deed of the property from his grantor, and other mesne conveyances down to the adverse claimant, the record is sufficient to charge him with notice. Rork v. Shields, 16 Texas Civ. App., 640, 42 S. W., 1032.

MR. JUSTICE YANTIS delivered the opinion of the court.

The issues in this case are disclosed by the very clear statement of the case which was made by the honorable Court of Civil Appeals. (148 S. W., 348.) We quote therefrom as follows:

"L. E. Brannin and C. P. Brannin instituted this suit against Barton M. Richardson, Catherine Richardson, A. B. Teston and E. L. Teston to recover upon a number of vendor's lien notes alleged to have been acquired by L. B. Rivers, deceased, of whose will the plaintiffs had been duly appointed executors. There was a prayer for foreclosure of the vendor's lien upon the land described in the petition and for which it was alleged the notes had been given in part payment. E. L. Teston was dismissed from the suit and the trial resulted in a judgment for plaintiffs against A. B. Teston for the sum of two hundred and fifty dollars and forty cents, with a foreclosure of lien upon the land described in the petition, and the plaintiffs have appealed.

"The trial was upon an agreed statement of the facts, from which it appears that on the second day of October, 1906, one W. C. Dawdy, in consideration of four hundred dollars in cash paid by Barton M. Richardson and the execution by said Barton Richardson and his wife, Catherine Richardson, of the notes herein sued upon and of one other note for the sum of one hundred and sixty dollars, sold and conveyed to the said Richardson the land described in the plaintiffs' petition. The deed of conveyance to Richardson contained the usual general warranty clause and retained the vendor's lien upon the land therein conveyed to secure the payment of the notes. On the 9th day of October, 1906, W. C. Dawdy, for a valuable consideration then paid by L. E. Brannin, one of the plaintiffs herein, and who was then and there acting as the agent of and for L. B. Rivers, sold and assigned all of the said notes to said L. B. Rivers, said assignment being in writing and duly acknowledged and conveyed to L. B. Rivers all the title and interest of W. C. Dawdy to said lands as well as to said notes. On the 19th day of October, 1906, Barton M. Richardson and Catherine Richardson, in

consideration of the payment to them of the sum of four hundred and twenty-two dollars and twenty-six cents by A. B. Teston and the assumption by Teston of the payment of the notes herein sued upon, as well as of said note for one hundred and sixty dollars, sold and conveyed to said A. B. Teston the land described in the plaintiff's petition and that had been sold to the Richardsons by Dawdy, this deed also containing the usual covenants of warranty. Teston on the same day paid to L. E. Brannin, as the agent of L. B. Rivers, the one hundred and sixty dollar note, which is not involved in this suit. Thereafter, in July, 1907, the Waples-Platter Grocery Company instituted suit in the District Court of Eastland County against A. B. Teston and others to recover the Thomas Benson survey of land, of which the land conveyed by W. C. Dawdy to the Richardsons and by the Richardsons to the defendant A. B. Teston was a part. L. E. Brannin owned a part of the Benson survey at the time and was made a party to and defendant in the suit, as did also A. B. Teston. Other parties claiming to be the heirs of Thomas Benson intervened in the suit. Appellant A. B. Teston, as stated, contested the claim of the opposing parties, but the trial resulted in a judgment in favor of the plaintiffs and intervenors in that suit for all of the land so purchased by Teston except 133/360, and this judgment has never been set aside. It is agreed that at the time of the sale of the notes in controversy by Dawdy, L. B. Rivers took them without any notice of any defect in the title to the land for which they were given further than she could in law be charged with by reason of the execution and record of the deed from Dawdy to Barton M. Richardson and from the Richardsons to A. B. Teston and the recitations in the note, but the agreement is silent as to whether the plaintiff L. E. Brannin, as agent for L. B. Rivers, had or had not notice of any defect of title in the land, the agreement in this respect being: 'In the purchase of the said notes herein sued upon the plaintiff L. E. Brannin, as agent of L. B. Rivers, acted for and on behalf of the said L. B. Rivers, and the said L. B. Rivers was not a bona fide purchaser of said notes unless the said L. E. Brannin would have been a bona fide purchaser thereof, had he purchased them, for himself and on his own behalf.'

"The judgment for two hundred and fifty dollars and forty cents against appellee Teston amounts to but 133/360 part of the total sum assumed by Teston in the deed from the Richardsons to him and the complaint of the judgment is that the appellants and plaintiffs below were entitled under the agreed facts to a judgment for the total amount, the contention in behalf of appellants being that L. B. Rivers was an innocent purchaser for value of the notes in controversy and, therefore, took them by virtue of article 307 of our Revised Statutes, free of Teston's defense of a partial failure of the consideration for which they had been executed. Appellee, on the other hand, contends that the recitations of the deeds and notes referred to affected Rivers with

notice of the defect in title by reason of which Teston later lost the greater part of the land purchased by him."

As seen from the foregoing statement, the trial in the District Court resulted in a judgment for plaintiffs in error against A. B. Teston for only an amount equal to the value of the portion of the land to which the title had not failed. In other words, the trial court gave full effect to Teston's plea of failure of consideration. The honorable Court of Civil Appeals sustained this holding. The plaintiffs in error presented here their petition for writ of error, which was granted by this court.

It is contended by the plaintiffs in error that as the executors of the estate of L. B. Rivers they are entitled to recover judgment against A. B. Teston for the full amount of the Richardson notes whose payment Teston assumed when he purchased the land from the Richardsons, and that the defense of failure of consideration is not available to Teston since L. B. Rivers was an innocent purchaser of said notes before maturity. It is contended by Teston that L. B. Rivers was not an innocent purchaser without notice, by reason of the recitals in the notes and in the deed, which were the usual recitals so common in use in the sale of real estate. It is not contended that L. B. Rivers in fact knew there was a defect in the title to the land, but it is contended that the recitals themselves amounted to notice of such defect either actual or constructive. We do not think these recitals amounted to notice, or that they were sufficient to put L. B. Rivers upon inquiry for a defect of title. These recitals only advised Rivers, the purchaser of the notes, that they were secured by vendor's liens which were retained in the deed in which the land was conveyed. They contained no information that a defect in the title to said land existed. Neither did they contain any facts which would arouse even the suspicion of a prudent person that a defect existed, and were, therefore, insufficient to put Rivers upon inquiry for such defect. The contention by Teston that the recitals in the notes and the deed constituted notice to L. B. Rivers of the defect must be overruled.

It was held by the honorable Court of Civil Appeals that the notes sued upon should be offset to the extent of the value of the land to which the title had failed, although L. B. Rivers was an innocent purchaser of the notes before maturity, on the ground that Teston was only liable on his assumption agreement, for which reason it was believed that Teston's obligation was not such as falls within article 307 of the Revised Statutes. We believe this holding to be erroneous. When Teston contracted with the Richardsons to assume the payment of these notes, which were then owned by Rivers, he became legally bound for their payment, notwithstanding there was no privity of contract. Spann v. Cochran & Ewing et al., 63 Texas, 240; Muller v. Riviere, 59 Texas, 640, 46 Am. Rep., 291; Wallace v. Freeman & Co., 25 Texas Supp., 91; Bank of Garvin v. Freeman, 107 Texas, 523, 181 S. W., 187. This rule which binds Teston to Rivers on the assumption, even in the absence of privity of contract, has been evolved from the rule of equity which

vests in the payee of a note an interest in any collateral security which may have been given by the principal on such note to his surety; and allows such payee a resort to such additional security to enforce the payment of the note. Keller v. Ashford, 133 U. S., 610, 33 L. Ed., 667; Johns v. Wilson, 180 U. S., 440, 45 L. Ed., 613. In a suit on such an assumption contract as is presented here, the assumption contract is regarded as the additional security to which the payee, Rivers, through his executors, may resort for the collection of the notes sued on. The rule allowing a recovery on such assumption contract is not only the established rule in Texas, but it is the general rule in other jurisdictions.

We think that when Teston bound himself to assume the payment of said notes, he then occupied the position of an original promisor. His relation became that of principal, and the Richardsons', that of sureties. Long v. Patton, 43 Texas Civ. App., 11, 93 S. W., 519. He took the position of the Richardsons, who had originally executed the notes, and was bound for their payment as a primary obligor. Hill v. Hoeldtke, 104 Texas, 594, 40 L. R. A. (N. S.), 672, 142 S. W., 871; Hoeldtke v. Horstman, 128 S. W., 642. Could the Richardsons, if sued by Rivers on said notes, have pleaded in defense a failure of consideration? Undoubtedly they could not, because such defenses as payment, offset, and other equities, are unavailing as against the notes in the hands of an innocent purchaser before maturity. If the Richardsons could not plead such defense, it necessarily follows that Teston, who occupied Richardsons' place, could not do so. The Richardsons were the makers of the notes, and by reason of this fact were denied, under article 307, Revised Statutes, the privilege of pleading, as against an innocent purchaser such as Rivers, a failure of consideration, or any other such "just discount." Article 307, Revised Statutes, is as follows:

"Any person to whom any of the said negotiable instruments may have been assigned may maintain any action in his own name which the original obligee or payee might have brought; but he shall not only allow all just discounts against himself, but, if he obtained the same after it became due, he shall also allow all just discounts against the assignor before notice of the assignment was given to the defendant; but, should he obtain such instrument before its maturity, by giving for it a valuable consideration, and without notice of any discount or defense against it, then he shall be compelled to allow only the just discounts against himself."

Now, since the statute fixed the status of the Richardsons in a way that denied them the right to plead any "just discount" against Rivers, and since Teston assumed the Richardsons' obligations, he necessarily assumed the obligations as they existed, under which the Richardsons were denied the right to plead a failure of consideration. This results from his contract to take Richardsons' place and assume their obligations as they then existed. It is very true that Teston could have pleaded this equity as a defense if the suit had been by the Richardsons, who sold him the land. But it does not follow that he can plead it against

L. B. Rivers, who was an innocent purchaser before maturity. The settled principles of the law merchant deny him this right. Under article 307, Revised Statutes, and under the law merchant, even a plea of payment can not constitute a defense against such innocent purchaser. To allow a set-off for a failure of consideration to be pleaded as a defense to a note in the hands of such an innocent purchaser, and at the same time to deny as a defense, under the same circumstances, the actual payment of the note, which is the settled law, would appear, indeed, an amazing contradiction. It should not, and can not exist. How could it be allowed that Teston could plead as an offset, under such circumstances, the failure of consideration, when under the law merchant, as well as under article 307 of the Revised Statutes, in his attitude, he could not plead any other kind of offset when the suit was by an innocent purchaser before maturity? To so hold would be to allow a plea of failure of consideration to be of greater dignity than the plea of actual payment of the note. Such a holding could not be justified upon any principle known to us.

We conclude that the Court of Civil Appeals erred in holding that Teston's plea of failure of consideration was available as a partial defense to the payment of said notes.

We also think the Court of Civil Appeals erred, as did the trial court, in denying a recovery to the plaintiffs in error for the attorney's fees provided for in said notes. There was a provision in each note for ten per cent attorney's fees, to become due and payable in case the notes should be placed with an attorney for collection, or if collected by suit. This entitled the plaintiffs in error to recover the attorney's fees without the necessity on their part of proving the reasonable value of the services rendered, in the absence of proof to the effect that such amount was unreasonable. There was formerly a conflict upon this question among some of the decisions of the Courts of Civil Appeals, but the question was settled by this court, as indicated herein, in the case of First National Bank of Eagle Lake v. Robinson, 104 Texas, 166, 135 S. W., 372. The plaintiffs in error are entitled in this case to recover the attorney's fees sued for, there being no evidence that the amount provided for by contract is unreasonable.

The judgments of the Court of Civil Appeals and of the District Court are reversed and judgment is here rendered against A. B. Teston and in favor of the plaintiffs in error for the amount of principal, interest and attorney's fees due on the notes in suit, and against A. B. Teston, Barton M. Richardson and Catherine Richardson for a foreclosure of the vendor's lien against the land and premises described, as prayed for, together with all costs of suit.