ALLEN v. TRAYLOR et al. (No. 70–2831.)

(Commission of Appeals of Texas, Section A. June 11, 1919.)

1. VENDOR AND PURCHASER ⬤⟾265(3) — RESALE—ABSENCE OF ASSUMPTION OF DEBT.

A purchaser who does not assume payment of the prior vendor's lien is not personally liable for the debt.

2. VENDOR AND PURCHASER ⬤⟾265(3) — ASSUMPTION OF PRIOR LIEN—INDEBTEDNESS.

A grantee assuming payment of a lien indebtedness for which his grantor is personally liable thereby becomes liable to and can be sued by the holder and owner of such indebtedness.

3. CONTRACTS ⬤⟾187(1)—CONTRACT FOR BENEFIT OF THIRD PERSON—RIGHT OF ACTION.

Where one person for valuable consideration makes a promise to the person from whom the consideration moves for the benefit of a third person, such third person may maintain án action thereon.

4. VENDOR AND PURCHASER ⬤⟾265(5), 294—RESALES OF LAND — ASSUMPTION OF VENDOR'S LIEN NOTES.

Where land was sold, resold to one who did not assume payment of the vendor's lien, and part of it again sold by him to defendant, who as part consideration assumed payment of the sum of $4,784, with interest accrued and to accrue, representing part of the unpaid principal sum due on the vendor's lien notes, assuming and agreeing to pay on the principal and interest of the notes an amount equivalent to $23 a lot on each lot conveyed to him, defendant was liable to the holder of the vendor's lien notes for the specific amount on the principal and interest thereof, but was not liable for attorney's fees.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Harry Traylor against Frank Allen and others. From judgment for plaintiff, defendant Allen appealed to the Court of Civil Appeals, which affirmed (174 S. W. 923), and Allen brings error. Judgment of the Court of Civil Appeals affirming the judgment of the district court reformed, and, as reformed, affirmed on recommendation of the Commission of Appeals.

McFarland & Lewright, of San Antonio, for plaintiff in error.

Guinn & McNeill and J. C. Lamkin, all of San Antonio, for defendants in error.

SONFIELD, P. J.   Harry Traylor and the Rockport Land Company conveyed to D. W. McKey and W. L. Pridgen certain land in the town of Rockport, Tex.; and in part payment therefor the purchasers executed and delivered their four vendor's lien notes, payable to the order of the Rockport Land Company. The company transferred the notes to Traylor.   Subsequently McKey and Pridgen conveyed the land to M. Ucovich, subject to the vendor's lien.   Thereafter Ucovich, who had conveyed a part of the land to other parties, conveyed the remaining portion thereof to Frank Allen, who, as a part of the consideration therefor, assumed the payment of the sum of $4,784 of the vendor's lien indebtedness against the lots, together with accrued interest thereon or an amount due on principal and interest in the sum of $23 per lot on the 32 lots conveyed.

Traylor brought suit against Frank Allen, D. W. McKey, and W. L. Pridgen, to recover a balance of principal and interest on said notes and attorney's fee as stipulated therein.

Defendant, Allen, made no appearance in the case, and judgment was rendered against him by default, and also against McKey and Pridgen, who had answered, in the sum of $616.95, being the balance of principal, interest unpaid, and attorney's fee, and the vendor's lien foreclosed on the property so purchased by Allen from Ucovich; and Pridgen and McKey, as prayed for in their answer, recovered against Allen in the event they were compelled to pay such judgment.   On appeal by Allen, the Court of Civil Appeals affirmed the judgment of the district court.   174 S. W. 923.

[1] Ucovich, defendant's vendor, purchased the property subject to, but without assuming payment of, the vendor's lien, and was therefore not personally liable for the debt. Through his deed from Ucovich, defendant assumed payment of part of the indebtedness. Ucovich, the grantor, not being liable on the notes, did the promise of defendant to his grantor inure to the benefit of plaintiff, the holder and owner of the notes, and give him a right of recovery against defendant?   The question appears to be of first impression in this state, and in other jurisdictions the authorities are in irreconcilable conflict.

[2] It is well settled in this state, and held with practical unanimity in the various states, that a grantee, assuming payment of a mortgage or lien indebtedness, for which his grantor is personally liable, thereby becomes liable to, and can be sued thereon by, the holder and owner of such indebtedness. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Brannin v. Richardson, 108

Tex. 112, 185 S. W. 562; Hoeldtke v. Horstman, 61 Tex. Civ. App. 148, 128 S. W. 642.

In some states, the liability of the grantee assuming the payment of a mortgage or lien is based upon an application or extension of the equitable doctrine of subrogation.   The grantee becomes the principal and the grantor a surety for him, and in equity the creditor, the holder of the mortgage or lien, is entitled to the benefit of all collateral obligations for the payment of the debt which the surety has received for his indemnity, and is permitted to proceed directly against such grantee to avoid circuity of action.   The logical conclusion from such holding is that the mortgagee or lienholder is denied the right of recovery against the grantee in the absence of liability on the part of the grantor, for without such liability the relation of principal and surety and the resultant right of subrogation could not arise.

[3] In a majority of the states, however, the liability of the grantee is held contractual in its nature.   It is based upon the broad and well-settled principle, supported by the overwhelming weight of authority in the courts of this country, that where one person for a valuable consideration makes a promise to the person from whom the consideration moves for the benefit of a third person, such third person may maintain an action thereon. 3 Pomeroy, Eq. Jur. § 1207.

In Brannin v. Richardson, supra, wherein the grantee had assumed payment of the vendor's lien, the grantor being personally liable therefor, there is recognition of the application of the doctrine of subrogation.

In Hill v. Hoeldtke, supra, the court held the relation created between the grantee, thus assuming payment of the lien, and the lienholder purely contractual; such grantee becoming directly liable to the lienholder.

In Spann v. Cochran & Ewing, 63 Tex. 240, the court said:

"It thus appears that, at the time Cochran & Ewing acquired the interest of Watson in the copartnership property, they obligated themselves to pay the debts or liabilities, and this as the chief consideration on which the sale by Watson was based.   It, however, does not appear that Spann was a party to that contract; nor that the instrument by which the obligation of Cochran & Ewing to pay the debt due to Spann is claimed to have been fixed was signed by them.   It is believed, however, that such an agreement between a debtor and a third person, made upon valuable consideration, gives to the creditor a cause of action on which he may sue and recover from the person who has so contracted to pay to him a debt originally due only by the person to whom the promise is made This seems to be in accordance with the great weight of American authority."

In each of the above-cited Texas cases, and, so far as we have been able to discover, all the cases in our courts dealing with the right of a third person for whose benefit a contract is made, but to which contract he is a stran-

ger, there was some privity, by contract or otherwise, between the promisee and such third person, some liability or obligation from the former to the latter, giving the third person a legal or equitable claim to the benefit of the promise. In a number of jurisdictions, this is held necessary in order to the enforcement of the contract by such third person.

[4] Upon a careful consideration of the authorities, we are inclined to the view that the liability under a contract, for the benefit of a third person, a stranger thereto, and the right of such third person to enforce the contract, should not be limited by the requirement that there be some obligation or duty owing from the promisee to such third person. The right "does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, * * * but upon the broader, and more satisfactory basis that the law, operating upon the acts of the parties, creates the duty, establishes the privity, and implies the promise and obligation on which the action is founded." Brewer v. Dyer, 7 Cush. (Mass.) 337; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467.

Allen and his vendor contracted for the purchase and sale of the land and the consideration to be paid therefor. It is wholly immaterial, as far as Allen is concerned, to whom the purchase money or any part thereof was to be paid, and, if to some third person, whether his vendor was under any legal obligation to such third person. If his vendor directed the payment of part of the purchase price to one to whom he was under no obligation, the same being intended as a mere gratuity, Allen has no ground for complaint; such agreement being upon a valuable consideration. The lien debt assumed by Allen was a part and parcel of the consideration for the purchase of the land. The amount so assumed constitutes in legal effect a debt due by Allen which he agreed to pay to the holder of the notes instead of to his vendor, from whom the consideration for the promise moved. Spann v. Cochran & Ewing, supra.

The assumption clause cannot be construed as a mere indemnity to the grantor. There was no personal liability on the part of the grantor; hence no liability against which to indemnify him. Such clause, standing alone, without more, evidences a promise for the benefit of the holder of the notes. The promise was upon a sufficient consideration, and no good reason is perceived for denying to Traylor the right to enforce performance thereof,

We have not, in the discussion, cited the numerous cases from the other states passing upon the question here presented. The great majority are cited and quoted from in the notes in 22 L. R. A. (N. S.) 492, and 39 L. R. A. (N. S.) 151.

Included in plaintiff's recovery was 10 per cent. of the principal and interest of the notes as attorney's fees amounting, as stated by defendant in error, to $56.09.

Writ of error was granted herein, because the court was inclined to the view that, under the contract as pleaded, plaintiff was not entitled to such recovery.

The petition alleged that Allen "assumed the payment of the sum of $4,784, together with interest accrued and to accrue thereon, representing a part of the unpaid principal sum then due and owing upon said vendor's lien notes, the said Allen assuming and agreeing to pay on the principal and interest of said notes an amount equivalent to ·$23 per lot on each of the said 32 lots therein conveyed to him."

The notes stipulated for the payment of attorney's fees. Had Allen assumed the payment of the notes, his liability would include attorney's fees. He did not, under the allegations of the petition, assume the payment of the notes, but only of a specific amount "on the principal and interest of said notes." It was error to permit a recovery of attorney's fees.

We are of opinion that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, should be here reformed by deducting therefrom the sum of $56.09 allowed as attorney's fees, and, as so reformed, the judgment in all respects affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.