## STRICTLAND v. HIGGINBOTHAM BROS. & CO. (No. 1100.)

(Court of Civil Appeals of Texas. El Paso.
April 1, 1920. Rehearing Denied
April 22, 1920.)

**1. Vendor and purchaser ⬄265(3), 279—Subsequent purchaser assuming vendor's lien notes is liable as principal.**

A subsequent purchaser who assumed and agreed to pay the vendor's lien notes given by his immediate grantor is liable to the holder of the notes as principal, not as surety, and he can be sued without joining his grantor.

**2. Vendor and purchaser ⬄265(3)—Vendor's suit against subsequent purchaser is sufficient acceptance of assumption of notes.**

The institution of suit by the vendor against a subsequent purchaser from the purchaser who made the notes is a sufficient acceptance of the assumption of the notes by the subsequent purchaser.

**3. Judgment ⬄461(1)—In suit to vacate judgment finding of fact necessary to support it is assumed.**

In an action to set aside a default judgment rendered after hearing evidence against a subsequent purchaser, the assumption of vendor's lien notes by the purchaser is presumed to have been properly found by the trial court.

**4. Vendor and purchaser ⬄265(3)—Retention of lien by first purchaser does not make subsequent purchaser surety.**

The retention by the purchaser who gave vendor's lien notes of a lien on property after he sold to another who assumed the payment of the notes does not make the liability of the subsequent purchaser that of surety only.

**5. Vendor and purchaser ⬄265(3)—Previous purchaser's retention of lien does not give right to sue subsequent purchaser on notes.**

A purchaser who gave vendor's lien notes cannot sue a subsequent purchaser who assumed the notes on those notes, though he retained a lien on the land; his only right under the lien being to redeem in case of foreclosure of vendor's lien.

**6. Vendor and purchaser ⬄287—Inadequacy of price does not justify setting aside sheriff's sale.**

Mere inadequacy of price for which land was sold on foreclosure of vendor's lien notes does not justify setting aside the sheriff's sale.

**7. Vendor and purchaser ⬄280(1)—Petition held sufficiently to describe vendor's lien notes sued on.**

The petition on which a judgment was based which described the vendor's lien notes sued on as the last four of the series of six notes giving the amount and due date of each sufficiently described the notes to sustain the judgment against petition to vacate.

**8. Judgment ⬄460(6) — Petition to vacate must show good defense.**

A petition to vacate a default judgment which merely showed that defendant defaulted because he erroneously believed he could not be sued without joinder of another, and which did not state any defense to the action, is insufficient to justify setting aside the judgment.

**9. Pleading ⬄228—Judgment on exceptions should be dismissal not on merits.**

The judgment rendered on sustained exceptions to the petition, which plaintiff declined to amend, should not be that plaintiff go hence without day, which implies trial on the merits, but should be a dismissal of the case.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by J. B. Strictland against Higginbotham Bros. & Co., a corporation, to set aside a default judgment. From a judgment that plaintiff go hence without day, plaintiff appeals. Judgment reformed so as to show plaintiff's cause of action dismissed, and, as reformed, affirmed.

R. F. B. Logan, of De Leon, and C. A. Wright, of Ft. Worth, for appellant.

Hampton, Harris & Hampton, of De Leon, for appellee.

WALTHALL, J. This suit was brought by J. B. Strictland, appellant, against Higginbotham Bros. & Co., a corporation, to set aside a default judgment rendered in favor of appellee and against appellant at a former term of the court on certain vendor lien notes and foreclosing the lien therein expressed on certain lands described, and, incidentally, to cancel the sheriff's deed to the real estate, made under the judgment of foreclosure. The trial court sustained appellee's general demurrer and its several special exceptions to appellant's petition. Appellant refusing to amend, judgment was rendered that appellee go hence without day and recover its costs, and the case is here on appeal from that judgment.

The judgment sought to be set aside was

based upon appellee's petition in the original suit copied in full in the petition in this court, which, aside from its formal parts, recites substantially the following facts: That in November, 1912, G. O. Dowdy executed to Higginbotham & Co. four certain vendor's lien notes, stating the amount expressed in each, and being the last four notes in a series of six notes, and falling, due, respectively, on December 1, 1915, 1916, 1917, and 1918, each bearing interest and providing for attorney's fees in the event of suit; that the notes were given as a part of the purchase price of the real estate described; that the land described was conveyed by deed by Higginbotham & Co. to G. O. Dowdy for the consideration, among other things, of the said four vendor's lien notes, and in said deed of conveyance a lien was retained to secure the payment of the four notes; that Dowdy and wife conveyed by deed the land and premises to Strictland, for the consideration, among other things, that Strictland agreed to assume and did assume and become responsible for the payment of the said four notes, and that in said deed (from Dowdy and wife to Strictland) a lien was reserved therein upon the land to secure the payment of the four notes sued upon; that by due course of transfer plaintiff (Higginbotham Bros. & Co.) is the legal owner and holder of the four notes; that all of the four notes contain a clause providing that failure to pay any of said notes when due, or any interest installment when due, matures the notes, and that the lien retained becomes subject to foreclosure; that three of the notes and the interest on all four of the notes matured and were unpaid, after demand for payment, and that plaintiff had elected to declare all of said notes due; that defendant Empire Gas & Fuel Company was asserting some interest in the land the nature of which plaintiff did not knew; that by reason of the execution of said notes by Dowdy, and by reason of the assumption of the payment of said notes by Strictland, both Dowdy and Strictland became liable and promised to pay plaintiff the said four notes. Plaintiff prayed for citation and judgment against Strictland and for foreclosure of the vendor's lien, cancellation of claim in favor of Empire Gas & Fuel Co., for order of sale, that purchaser at sale be placed in possession, for general and special relief.

The petition in this suit, after quoting the above petition in full, alleged, substantially:

That citation was issued to Strictland; that he did not appear and answer, "for the reason that G. O. Dowdy, the principal obligor and maker of said notes sued on, was not joined with him as defendant, and no judgment had previously been rendered against G. O. Dowdy on said notes, and for the further reason that plaintiff discontinued as to G. O. Dowdy, principal obligor, without alleging that said G. O. Dowdy, principal obligor, resides beyond the limits of the state, or in such parts of the same that he cannot be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent, and that judgment by default was taken against J. B. Strictland alone for the sum of $951.97 and costs; that the defendant, Empire Gas & Fuel Company, has no right, title, or interest in said above-described 80 acres of land, and said decree as to J. B. Strictland and Empire Gas & Fuel Company is in the following words and figures, to wit." Then follows a copy of the judgment sought to be set aside.

Without copying the judgment, it recites the call of the case at the April term, 1918, of the district court of Comanche county, the appearance of plaintiff and announcement of ready for trial, that Strictland and the Empire Gas & Fuel Company had each been duly cited, that the Empire Gas & Fuel Company had filed a disclaimer, and that Strictland came not, but wholly made default, the waiving of jury and that all matters of fact and law were submitted to the court, the hearing of the pleadings and the evidence, and, after considering same, the court finds the cause of action is liquidated and proven by instruments of writing filed therein; that the court is of the opinion and finds that Strictland is indebted to plaintiff in the sum of $951.87, amount of principal, interest, and attorney's fees then due on the notes sued on; that the notes were given to secure the payment of the purchase money of the 80 acres of land described as in the petition; that plaintiff ought to have a foreclosure of its vendor's lien upon the land as against both Strictland and the Empire Gas & Fuel Company. The court ordered and decreed that Higginbotham Bros. & Co. have judgment against Strictland for the sum above named, with interest from date of judgment and for costs; that the lien be foreclosed as against Strictland and the Empire Gas & Fuel Company; that order of sale be issued commanding the sheriff to seize and sell the land as under execution, and directed the distribution of the proceeds of the sale to the satisfaction of the sum awarded, but, if the said land shall not sell for enough to pay off and satisfy the judgment, then to make the balance as under execution; that the purchaser at the sale of the land be placed in possession; and that the order of sale have the force of a writ of possession. The court found that the Empire Gas & Fuel Company had filed a disclaimer and entered the usual order as to that defendant.

The petition then recites that Dowdy was the maker and only principal obligor on the four notes sued on; that, when he sold the land to Strictland, Dowdy, as part consideration, retained a vendor's lien on the land in the deed to secure the payment of the four notes sued on, and that as further

consideration Strictland assumed the payment of the six notes, and that thereby Strictland becomes, as a matter of law, only a guarantor or surety as to said four notes; that said cause was discontinued as to Dowdy without alleging and proving that Dowdy, principal obligor, resides beyond the limits of the state, or in such part of same that he could not be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent; that Higginbotham & Co. sold the land to Dowdy; that the notes sued on were executed by Dowdy and payable to Higginbotham & Co., or order; that said notes have not been transferred to Higginbotham Bros. & Company by written indorsement, and that the superior title retained by Higginbotham & Co. has not been divested out of it and vested in Higginbotham Bros. & Co. by any instrument in writing as required by law, and that said Higginbotham & Co. was not made a party to said cause; that at the time Strictland bought the land from Dowdy neither Higginbotham & Co. nor Higginbotham Bros. & Co. were parties to said transaction, and that it was a separate and independent transaction had long after the sale of said land to Dowdy by Higginbotham & Co.; that said land is his homestead; that he paid Dowdy for his interest therein, stating how the payments were made, and that by reason of the void foreclosure proceedings plaintiff, his wife and children, have been deprived of their homestead, and that on account of the grossly inadequate price paid for said land by Higginbotham Bros. & Co. at said foreclosure sale a judgment for more than $700 is outstanding against plaintiff, which he is unable to pay; that before the commencement of said suit plaintiff paid to Higginbotham & Co. the sum of $111.33 in full settlement of one of the notes sued on, and that Higginbotham & Co. marked the note paid, and that plaintiff will make profert of said note on trial of this cause; that the land was sold by the sheriff for the grossly inadequate price of $250; that the land was well worth from $2,000 to $2,500 when sold. Plaintiff prayed that the judgment rendered be set aside, a new trial be granted, that all necessary parties be brought before the court, for costs, and for relief general and special. The petition was verified.

By appellee's trial answer it pleaded a general demurrer and six special exceptions to the appellant's trial petition. The special exceptions as directed to the several paragraphs of the petition, without stating them, are to the effect that, while the petition alleges that Dowdy was the principal obligor on the notes, it alleges and states the facts showing that Dowdy had sold the land to Strictland, and that Strictland had assumed the payment of the notes sued on, thereby becoming the principal obligor, and Dowdy merely the surety, in their relation to appellee, and for that reason was not a necessary party in the original suit; that the petition shows that the trial of the original suit was had upon evidence before the court from which the court found that plaintiff there was the owner of the notes sued on; that under the facts pleaded plaintiff here could not acquire any homestead rights superior to the vendor's lien notes given for the purchase price of the land, but that the homestead right was, under the facts pleaded, subordinate to the lien foreclosed; that the petition does not allege that the judgment rendered was for more than the indebtedness due as shown by the petition in the original suit set out here by appellant, and that the statement of the amount due is conclusive without some allegation of accident, fraud, or mistake, which is not alleged; that, while the petition alleges that the amount for which the land sold was grossly inadequate, it does not allege any irregularities in the proceedings, and does not allege any act of fraud, accident, or mistake, and does not allege anything upon which the judgment of the court or sale of the land should be set aside; that the petition here on its face shows a formal and regular petition for the foreclosure of vendor lien notes against the land in the original suit, and that every proper and necessary thing and action have been done in the original suit to make a valid judgment and sale thereunder, and does not show accident, fraud, or mistake in any of the proceedings, and does not show that plaintiff here and defendant in the original suit has any meritorious defense to the original suit, and shows no diligence used or why plaintiff did not appear and answer in the original suit, and shows no grounds to believe that a different result will follow on a retrial.

Appellee repleaded at length the original cause of action and the proceedings had thereunder, and other matters and defenses, reasons why the original cause should not now be opened up. Appellants replied to the matters pleaded, but we need not further state the issues joined in passing upon the questions of error here assigned to the action of the court in sustaining appellee's general demurrer and the several special exceptions.

## Opinion.

After a careful review of the entire record we have concluded that the court was not in error in any of the matters complained of. Strictland's petition shows on its face that in his deed from Dowdy to himself to the land described, and as a part of the consideration for the land, he assumed to pay the four unpaid notes given by Dowdy to his former grantor as a part consideration for

the land, and that the deed to him (Strictland) and the notes he assumed to pay expressed and retained a lien on the land he was then buying, to secure their payment.

[1] Appellant's first and second contentions that Strictland's relation to Dowdy was that of a surety and must be joined in the suit in the payment of the notes are not sustained by the authorities. The rule invoked by appellant, while sustained by some authorities, has never been the rule in this state. In Spann v. Cochran & Ewing, 63 Tex. 240, Judge Stayton very clearly announces the law that then obtained and has since been the law in this state, as to the liability of the one assuming to pay a debt though himself not a party to the original debt. That case and the McCown v. Schrimpf Case, 21 Tex. 27, 73 Am. Dec. 221, referred to, held that the one assuming to pay a debt of another was liable on the original debt, but in neither case is it directly stated whether the relation would be that of principal or surety. In discussing the Spann-Cochran Case the Ft. Worth court, in L. C. Denman Co. v. Standard Savings & Loan Association, 200 S. W. 1109, said the Spann-Cochran Case held in legal effect that the one assuming to pay an outstanding debt, as between him and the original debtor, was the principal and the original debtor was the surety. In Beitel v. Dobbin et al., 44 S. W. 299, in which a writ of error was denied, Mr. Justice Neill, for the San Antonio court, held that the purchaser of the land assuming to pay the unpaid purchase money became the principal, and the original debtor became the surety.

In Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672, in which Hill assumed to pay the outstanding note of McLeary, the Supreme Court said that Hill became the principal debtor and McLeary surety for the debt. Strictland being the principal on his obligation to pay the notes, he could be sued without joining Dowdy; the latter being only a surety. Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562.

[2-5] Appellee's suit based on Strictland's assumption to pay the notes is sufficient acceptance on its part. Snyder v. Slaughter, 208 S. W. 974, and cases cited. Under the above authorities assignments 3 and 4 are overruled. The question as to whether Strictland fully assumed to pay the notes was a question of fact to be determined by the trial court in the original suit. We must assume that the court so found. If the court did not so find, Strictland should have defended in that suit on that ground. The fact that Dowdy in the sale of the land to Strictland retained a second lien on the land to secure him as a surety against the notes did not have the effect to change Strictland's relation as principal, as claimed by appellant. If it had any effect at all, it was to secure to Dowdy the equity of redemption; that is,

should the holder of the notes seek to foreclose on the lien expressed in the notes, Dowdy by his second lien would have such interest as to give him the equity of redemption, the right by contract to remove or discharge the debt, and become subrogated to the rights of the holder of the notes as a subsequent lienholder. There is no merit in appellant's contention that Dowdy could sue on the notes or rescind the contract. He did not own the notes and had no contract except a second lien on the land to secure himself as surety on the notes.

[6] Mere inadequacy of price is not sufficient to authorize a sheriff's sale to be set aside. Agricultural Mechanical, etc., v. Brewster, 51 Tex. 257; Trans-Pecos L. & I. Co. v. Arno Operative Ir. Co., 180 S. W. 928; Moore v. Lowery, 27 Tex. 541.

[7] The original petition, we think, is not subject to the criticisms made in the eighth and ninth assignments. The notes are sufficiently described, and as the last four of the series of the six notes, the amount and due date of each, that three of the notes and interest on all four are past due and unpaid, and that appellee has elected to mature all of the notes. True, the petition does not specifically allege that the fourth note (sixth in the series) was unpaid, but, taking the petition as a whole, as to said fourth note we think it was good as against a general demurrer. But appellant, as ground for setting the judgment aside, does not allege that the fourth note was paid.

[8] Strictland in his petition gave as a reason, and the only reason, why he did not appear and answer to the suit on the notes was that he was a surety, and that Dowdy was the principal, and was not made a party in the suit. The rule is clearly established that a party seeking to have a judgment of a court set aside, as prayed for in this case, must distinctly show that he has a good defense to the action, and his defense must be made to appear. The defense must be set out with such particularity that the trial court and this court may know of what the defense consists. El Paso & S. W. Ry. Co. v. Kelly, 83 S. W. 855; Wheat v. Ward County Improvement District No. 2, 217 S. W. 713. Strictland in his petition shows no defense against the four notes sued on in the original suit, nor does he show that he was prevented in any way from making any defense he may have had. He was simply mistaken in his view of the law.

[9] The case having been disposed of on the exceptions, appellant refusing to amend, the judgment entered should have been a dismissal of the case rather than that as entered that appellee go hence without day. The form of judgment as entered implies that the case was tried on its merits. The judgment is here reformed so as to show that

appellant's cause of action was dismissed. The costs are taxed against appellant.

Finding no reversible error, the judgment is reformed, and, as reformed, affirmed.