**TEXAS & PACIFIC COAL & OIL CO. v. PATTON et al.  (No. 295–3556.)**

(Commission of Appeals of Texas, Section A.
May 3, 1922.)

1. **Appeal and error** ⬬1082(1) — **Appellants are entitled to have their assignments, overruled by the Court of Civil Appeals, considered.**

Appellants are entitled to have the Supreme Court consider assignments of error presented to the Court of Civil Appeals by appellants and overruled.

2. **Frauds, statute of** ⬬115(4)—**Where lease stipulating for annual payments, though not signed by lessee, is executed by lessor's payment of consideration may be enforced notwithstanding the statute.**

Though lessee does not sign a lease stipulating for four successive annual payments of rental when it is executed and delivered by lessors, it is an executed contract as to them, and nothing remaining but payment of the consideration, which may be recovered notwithstanding Rev. St. art. 3965, subd. 5, preventing actions on agreements not to be performed within a year.

3. **Frauds, statute of** ⬬44(1)—**Verbal promise for valuable consideration to pay another's debt maturing more than a year thereafter is not within the statute.**

The verbal assumption and promise for a valuable consideration to pay the debt of another is not within the statute, notwithstanding the maturity of the debt assumed was more than a year after the verbal promise to pay the same.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing.  Motion overruled.

For former opinion, see 238 S. W. 202.

GALLAGHER, Judge.  This is a motion filed by defendants in error asking a rehearing and a reversal of the judgment of the Supreme Court entered in this cause upon the report and recommendation of this section of the Commission of Appeals. 238 S. W. 202.

[1] The motion is based on assignments of error presented to the Court of Civil Appeals by defendants in error as appellants, and overruled by that court. Defendants in error are entitled to have these assignments considered. Holland v. Nimitz (Tex. Sup. on rehearing) 239 S. W. 185.

[2, 3] The plaintiff in error never signed the lease in issue in this case, notwithstanding the form on which it was written provided for such signature. It did, however, pay the cash consideration recited therein and cause the lease to be duly recorded in the deed records of the proper county. It deposited the annual rental stipulated in the lease for three successive years, as required by the terms thereof. The defendants in error refused to accept the third annual deposit and left it in the bank. Shortly thereafter they repudiated the lease and brought this suit to cancel the same. Plaintiff in error asserted the validity of the lease and on the trial of the case defeated a recovery by defendants in error and secured a decree establishing its validity.

The principal contention urged by defendants in error in this motion is that the lease contract, not being signed by plaintiff in error and stipulating for four successive annual payments of rental, is unenforceable against it under the provision of the fifth subdivision of the statute of frauds (Rev. St. art. 3965). This subdivision declares that no action shall be maintained in the courts upon any agreement which is not to be performed within the space of one year from the making thereof. Defendants in error concede that the lease contract complies with the requirements of the statute so far as they are concerned. They claim that it is not binding on plaintiff in error because the stipulated rental payments extend over a period of four years, and they assert that for that reason it is not binding on them.

The lease contract, when duly executed and delivered by defendants in error, vested in plaintiff in error all the rights granted thereby. As to them it was an executed con-

tract. Where a contract is executed on one side and nothing remains but the payment of the consideration, this may be recovered, notwithstanding the statute. Brazee v. Wood, 35 Tex. 302, 305; City of Tyler v. St. L. S. W. Ry. Co., 99 Tex. 491, 497–499, 91 S. W. 1, 13 Ann. Cas. 911. The verbal assumption and promise for a valuable consideration to pay the debt of another has been uniformly held valid in this state and not within the statute of frauds, notwithstanding the maturity of the debt assumed was more than a year after the verbal promise to pay the same. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562; Spann v. Cochran & Ewing, 63 Tex. 240.

The case of Clegg v. Brannan (Tex. Sup.) 234 S. W. 1076, 1078, cited and relied on by defendants in error, is in harmony with the authorities cited above. In that case Mr. Justice Pierson, speaking for the Supreme Court, held that a contract for the exchange of land, to be valid, must be signed by both parties; but he carefully distinguished between the facts in that case and the state of facts here under consideration, in the following language:

"If his contract was only to pay for lands to be conveyed to him, the delivery to him and the acceptance by him of the other's written contract to convey lands to him, setting out the terms thereof, would bind him, and it would be a contract that could be enforced in law."

We have considered all the assignments presented in said motion and reviewed the authorities cited in support of the same, and are of the opinion that none of them are well taken.

We therefore recommend that the motion for rehearing be overruled.