## SAN JACINTO TRUST CO. v. GOODWIN.
### No. 2810.

Court of Civil Appeals of Texas. Beaumont.
Nov. 7, 1935.

Andrews, Kelley, Kurth & Campbell, of Houston, for appellant.

C. W. Bell and Bryan, Suhr, Bering & Bell, all of Houston, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted from the district court of Harris county to the Galveston Court of Civil Appeals, and transferred to this court by orders of the Supreme Court.

On the 28th day of February, 1928, W. R. Fulton executed a certain promissory note to appellee, H. A. Goodwin, in the principal sum of $2,100, payable in monthly installments of $25 each, the first installment due ninety days after date. W. R. Fulton paid no part of this note, and as the transaction was handled by the interested parties, appellee lost the full amount of his note, together with certain other sums advanced by him to protect his investment. This suit was brought by appellee against appellant, San Jacinto Trust Company, a corporation, to recover the full amount of the note, together with the additional sums advanced by him, on allegations that, for the consideration of $125 paid to it by him, appellant, by an oral contract, assumed this debt as an original promise, and that it was liable also for the other sums sued for under the terms of this oral contract. Appellant answered by pleas of general denial, limita-

tion, and the statute of frauds (a) the contract, if made, was one of guaranty and, therefore, not an original but a collateral undertaking; and (b) the promise, if, made, was not capable of performance within one year. The issues were submitted to the jury by the following questions, answered as indicated:

"Special Issue No. One. Did A. R. Kadell on or prior to February 28th, 1928 promise plaintiff, H. A. Goodwin, that in the event of a sale by plaintiff of Lot 3, Block 22, Southhampton Place to a purchaser furnished by San Jacinto Trust Company, San Jacinto Trust Company would pay plaintiff the purchase price for Lot 3, Block 22, Southhampton Place and save plaintiff harmless from any loss by virtue of such sale regardless of whether or not said purchase price was paid by the buyer of the property?"

Answer: "Yes."

"Special Issue No. Two. Did plaintiff, H. A. Goodwin, rely upon said promise of A. R. Kadell, if any, in making the sale of Lot 3, Block 22, Southhampton Place and in subordinating his vendor's lien to the lien ultimately foreclosed by the Trust Company of Texas?"

Answer: "Yes."

"Special Issue No. Three. Did San Jacinto Trust Company through E. C. Barkley, its Vice-President and Cashier, during the month of December, 1928 or January, 1929, ratify the promise, if any, made by A. R. Kadell referred to in Special Issue No. One?"

Answer: "Yes."

On the verdict, judgment was entered in favor of appellee for the relief prayed for.

## Opinion.

■ We overrule appellant's proposition that appellee's cause of action was barred by limitation. Appellee filed his original petition on the 22d day of January, 1929, his first amended original petition on the 16th day of June, 1932, his second amended original petition on the 17th day of January, 1934, and his third amended original petition on the 22d day of January, 1934. It is appellant's contention that by the original petition appellee pleaded a cause of action on an oral guaranty and by the amended petitions a cause of action on an original promise; that there was a legal difference between the two causes of action and that the cause

of action on the original promise was barred by limitation when the amended petitions were filed. The amended petitions were declarations upon the identical transaction detailed in the original petition and in substance pleaded the same facts, with prayer to recover the identical sums of money. We think these facts bring appellee's cause of action within the purview of article 5539b, Vernon's Ann.Civ.St., Acts 42nd Leg. c. 115, p. 194 (1931): "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence." See Ferguson Seed Farms, Inc. v. Ferguson (Tex.Civ.App.) 52 S.W. (2d) 354.

■ On appellant's exceptions, the trial court should have asked the jury (a) whether or not the contract between appellee and appellant was one of guaranty. The issue actually submitted to the jury was clearly raised by the testimony. We think the following excerpt from appellee's testimony was sufficient to carry to the jury the issue of guaranty:

"Mr. Kadell told me at the time that Mr. Fulton would pay the note; he said he had a purchaser and his name was W. R. Fulton. He said the San Jacinto Trust Company would guarantee the note. He didn't come out and say 'I have sold the property to Mr. Fulton and he will pay the note.' I expected Mr. Fulton to pay the note. I hadn't thought of it in the light that I didn't expect the San Jacinto Trust Company to pay anything unless Mr. Fulton didn't pay. I naturally expected Mr. Fulton to pay the note. If he had paid that payment I never would have come to the San Jacinto Trust Company, I would have had no reason to. I certainly do mean to say that Mr. Kadell stated they would guarantee that payment. He said that more than once.

"He said the San Jacinto Trust Company would guarantee payment of it; that was stated at the time I closed the deal with Mr. Fulton. I think that was about

all that was said at the time, practically; and I didn't have anything further to do with the transaction at all until after Mr. Fulton failed to pay the first payment.

"Now at this time he again said 'Don't worry, the San Jacinto Trust Company will guarantee the payment of that indebtedness to you.' That is what he said. I think that was about all he said then.

"They were endeavoring at all times there, after that date, to find me a purchaser for my property. They said they hoped in that way to bring me out even, or that I wouldn't suffer a loss. I was told that they would sell the property, and that was the way they were going to bring me out whole in the transaction; sell the property and then somebody would pay on the indebtedness."

■ (b) The court should have also inquired of the jury whether or not Kadell, the person with whom appellee dealt, was acting for himself individually or for appellant, in making the contract. The following circumstances raised this issue: Kadell was dead at the time the case was tried. The receipt issued by Kadell for the $125 was signed by him individually and not as agent for appellant; it was as follows: "Received of H. A. Goodwin $125.00 as commission in sale of Lot 3, Bk. 22, Southhampton Addition for H. A. Goodwin." On the testimony offered by appellant, it never received the $125. Appellant denied knowing anything whatever of the contract.

■ The two issues requested by appellant, through its exceptions, being raised by the evidence, should have been submitted. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.

■ It is no answer to appellant's propositions to say that the answers made by the jury to the questions submitted rendered these additional issues immaterial. Not having directly before them the issues of "guaranty" and of Kadell acting in his personal capacity, the jury may have disregarded these defenses; the following authorities are directly in point on this proposition: Galveston, H. & S. A. Railroad Co. v. Washington, 94 Tex. 510, 63 S.W. 534; Montrief & Montrief v. Bragg (Tex. Com.App.) 2 S.W.(2d) 276; Indemnity Ins. Co. v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518.

■ There is no merit in appellant's proposition that the transaction was within the "one year" section of the statute of frauds (Rev.St. 1925, art. 3995) on the ground that the notes did not mature serially until the expiration of seven years. The oral promise sued upon was one to pay a stated indebtedness. On this very point the Commission of Appeals, in Texas & Pacific Coal & Oil Co. v. Patton, 240 S.W. 303, 304, said: "The verbal assumption and promise for a valuable consideration to pay the debt of another has been uniformly held valid in this state and not within the statute of frauds, notwithstanding the maturity of the debt assumed was more than a year after the verbal promise to pay the same. Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.(N.S.) 672; Brannin v. Richardson, 108 Tex. 112, 185 S.W. 562; Spann v. Cochran & Ewing, 63 Tex. 240."

■ The contract pleaded and proved against appellant was not ultra vires; the very transaction sued upon was within its usual scope of business, authorized by its charter. The original promise to pay the obligation was a mere incident of appellant's agency in transacting this particular business for appellee.

What we have said above sufficiently answers appellant's assignment that, as a matter of law, the contract proved was one of guaranty and not an original promise. The facts stated also answer appellant's proposition that the promise was without "consideration or benefit"; appellant, on appellee's testimony, received $125. The evidence raised the issue of ratification against appellant.

■ In addition to the $2,100 principal on the note, appellee was awarded recovery for the following items: (a) $373; (b) $35; (c) $25. If, on another trial, it is shown that these items of expense were incurred by appellee within the terms of the oral contract, he should have recovery; but, if these items were incurred by him after appellant had repudiated its contract and denied liability thereon, and if they were not within the contemplation of the parties making the contract sued upon, then appellee should not have recovery.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.