**PHŒNIX MUT. LIFE INS. CO. v. CITY OF McALLEN, TEX.**

No. 7865.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1936.

Rehearing Denied April 16, 1936.

J. F. Whitelaw, of Brownsville, Tex., and Mack L. Vickrey, of Dallas, Tex., for appellant.

R. M. Bounds and W. B. Spell, both of McAllen, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for debt and foreclosure against the makers of negotiable promissory vendor's lien notes, and others. It included the city of McAllen, which had assumed part of them. Some of the defendants holding notes the city had executed, by cross-action sued to obtain judgment and foreclosure.

The city answered, admitting that the notes sued on constituted a first and prior lien on the property; that the notes executed by the city of McAllen were secured by vendor's lien on it, and that the holders of all the notes were entitled to have their liens foreclosed. It insisted,

however, that it could not be personally held to judgment on the notes.

The facts were stipulated. They show that in predepression 1929 the city of Mc-Allen becoming air-minded, hitched its wagon to a star and contracted to buy 200 acres of land for an airport. In a promising mood in complete accord with the times, it agreed to pay $35,000 for the tract. Its sister city of Hidalgo, air-minded to the extent of lending McAllen $6,000 in cash and agreeing to construct a runway on the field, 50 ft. wide and 1,500 feet long, furnished the cash payment. The balance, in accordance with the terms of the contract, was to be and was evidenced by the assumption by the city in the deed from Rhyne and wife of $16,920 of negotiable and promissory notes, held by appellant, and the execution of five negotiable promissory vendor's lien notes aggregating $12,080. The contract and the papers, including the negotiable notes agreed to be and executed under it, were authorized by resolution and ordinance of the mayor and city commissioners. The ordinance authorizing the execution of the notes provided for the creation of a special fund to be entitled "Air Port Vendor's Lien Note Fund" to pay the principal and interest on the notes executed and assumed. It provided "That to create said fund to pay the interest on said notes and provide a sinking fund to pay the principal thereof at maturity, there is hereby levied for the year —— and for each succeeding year while said notes, or any of them, are outstanding, a tax of and at the rate of —— or so much thereof as shall be necessary on each One Hundred Dollars valuation of taxable property in the City of McAllen, and said tax shall be annually assessed and collected and applied to the purposes named."

The city paid some interest on some of the notes, and paid off notes Nos. 1 and 2. By 1933 the city, in a sadder but wiser mood, finding itself a long way from the stars, and that it owed more for the airport than it could well afford to pay, decided to pay no more on it, or at least declined to do so. On October 30, 1934, this suit was brought.

The District Judge thought that the city had power to acquire the land, and that sufficient provision had been made at the time the notes were assumed and executed, for the levy of a tax for their payment. He thought, however, that the city, in assuming and executing negotiable promissory notes, had gone about to acquire the airport in a prohibited way, and that under Foster v. City of Waco, 113 Tex. 352, 354, 255 S.W. 1104, the attempt of the city to create a debt had failed. He gave plaintiffs and cross-plaintiffs a decree foreclosing their liens, but denied their prayer for a judgment against McAllen for the debt. Only the plaintiff has appealed from the decree.

Appellant insists that since, as the District Judge found, there was adequate provision made for the debt and the obligation the city was under to it was not on negotiable notes, but on its assumption of them, its suit was not an effort to enforce negotiable notes within the Foster decision. Appellee insists that the judgment was rightly entered for it, not only for the reason given by the District Judge, but because the ordinance for the debt's service was, by reason of the blank spaces in it, not sufficiently definite.

We think the District Judge was right throughout. Sections 1 and 2 of article 1269h, Vernon's Ann.Civ.St.Tex., authorize the governing body of any incorporated city to acquire by purchase tracts of land for an airport, and to issue negotiable bonds therefor. The debt service ordinance was sufficient. County of Mitchell v. City Nat. Bank, 91 Tex. 361, 373, 43 S.W. 880; City of Aransas Pass v. Keeling, 112 Tex. 339, 348, 247 S.W. 818.

But authorized as it was to purchase an airport on credit and to make provision for debt service on obligations lawfully created, it was wholly without power to enter into an agreement for the issuance of negotiable instruments to pay for it without submitting the matter to a vote of the people.

Foster v. City of Waco, supra, except for the assumption feature of this case, is just such a case as this. The city there having power to establish cemeteries, undertook to buy 200 acres of land, paying $5,000 cash and issuing its promissory notes for $45,000. A suit to enjoin the levy of taxes to pay the notes was brought on the ground that the obligations were illegally issued and therefore void. A general demurrer to the petition was sustained, but on appeal the Supreme Court held the obligations described in the petition void, and that the trial court had erred in sustaining the general demurrer.

In a careful opinion it held that though the city had power to purchase cemetery land it did not have power to make a contract for and execute negotiable notes in payment. It said, 113 Tex. 352, at page 354, 255 S.W. 1104, 1105: "Where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed. * * * And, since the notes and contract were not executed in substantial compliance with either, they are void. Citizens' Bank v. Terrell, 78 Tex. 450 [451] 14 S.W. 1003."

In Keel v. Pulte (Tex.Com.App.) 10 S.W.(2d) 694, 697, it is pointed out that "The power to issue negotiable paper for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or a county, unless it be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant. Foster v. City of Waco, 113 Tex. [352] 354, 255 S.W. 1104."

█ But appellant argues that the notes it sues on, though negotiable, were not issued by the city; that it is suing as to the city, on a nonnegotiable assumption agreement; that not Foster v. City of Waco, but Lasater v. Lopez, 110 Tex. 179, 189, 217 S.W. 373, is controlling here. It insists that the part of the debt the city attempted to create by the contract and the ordinance in question, which is represented by the notes appellant holds, must be held valid because those notes were not executed by the city, though the other part of the debt, evidenced by the city's notes, must be held void.

We do not think so. The thing that was beyond the power of the city to do was the making of an agreement for the purchase of lands on long-term payments, by the issuance of negotiable promissory notes. By the assumption of the notes appellant sues on under all the authorities, the city in legal effect took Rhyne's position as the original promisor on the notes, Rhyne became surety. Note to Hamilton v. Wheeling Public Service Co., 21 A.L.R. 439, et seq., by that assumption if it was valid, it bound itself to pay the notes in the hands of innocent purchasers, absolutely and at all events. Brannin v. Richardson, 108 Tex. 112, 117, 185 S.W. 562.

The assumption of the notes appellant sues on was not a separate agreement, but an essential part of a prohibited transaction. A transaction by which the city, by the assumption of some and the issue of other negotiable notes, undertook to incur an indebtedness. Under Texas law, it was without power to do this, and the transaction was void. A void transaction of the kind in question here may not be made the basis of a partial liability.

The judgment was right. It is affirmed.

SIBLEY, Circuit Judge (concurring).

I concur on the authority of Brannin v. Richardson, 108 Tex. 112, 117, 185 S.W. 562, though it seems to me that the conclusion reached in that case was not correct.